Commonwealth *v.* Barrett, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*David Zwanetz,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1972:

Appellant contends that a guilty plea entered pursuant to a plea agreement was involuntarily and unknowingly made, and that he should have been permitted to withdraw his plea after it became apparent that the trial judge was not going to impose the lighter sentence recommended to him by the district attorney.

On November 4, 1968, defense counsel assured appellant that an agreement had been reached with the district attorney, and that the trial judge having knowledge of this agreement would impose a sentence of no more than four to twenty-three months imprisonment. Appellant then proceeded to plead guilty to two indictments charging him with burglary, larceny, and receiving stolen goods. The trial judge engaged appellant in an extensive colloquy to determine whether appellant knowingly and voluntarily made his plea. During the colloquy the following transpired: "THE COURT: The Court, before accepting your pleas of guilty, must inform you that, although a plea of guilty will be taken into consideration by the Court in fixing the sentence to be imposed upon you, the Court cannot, under the law, before it hears the evidence or a summary of the evidence, give any assurance to you or make any promise to you that, if you plead guilty, the Court will, in consideration of your plea, impose a sentence of less than that which might be imposed upon you in the event that you did not plead guilty. Do

you understand the meaning of what I have said? DE-FENDANT: May I speak with the attorney? THE COURT: You certainly may." At that moment, counsel spoke to appellant who sought reassurance about the promised plea agreement. In appellant's petition to withdraw his guilty plea, counsel sets forth the substance of that off-the-record discussion: "Thereafter, the attorney for the Petitioner related to the Petitioner the substance of these remarks and informed him that there existed the possibility that the Court might impose a greater sentence, *however, the Petitioner was told by his attorney that in his opinion the sentence would be reasonably close to the recommended minimum of four months.*" (Emphasis added) With that, the colloquy resumed: "THE COURT: Have you finished conferring with your counsel? DEFENDANT: I have. THE COURT: Do you understand what I have said to you? DEFENDANT: I do." The lower court then accepted appellant's plea of guilty. The trial judge suspended sentence on the burglary conviction, but sentenced appellant to eighteen months to three years imprisonment on the larceny conviction. On December 12, 1968, appellant's petition for leave to withdraw his guilty pleas, filed December 4, 1968, was denied. On April 7, 1971, appellant filed a petition under the Post Conviction Hearing Act, alleging that his guilty pleas were involuntary. After an evidentiary hearing, appellant was granted leave to file a Motion for New Trial and/or a Motion in Arrest of Judgment Nunc Pro Tunc. Finally, on January 4, 1972, appellant's motions were denied by the trial judge. The present appeal followed.

An examination of the colloquy discloses that the learned trial judge did ask a full range of questions testing the voluntariness and understanding of the consequences of a guilty plea. The fault, if any, cannot be attributed to the lack of or the inadequacy of the

colloquy. The history of this case and the apparent confusion in the mind of the appellant created by the combined effect of assurances from counsel, the agreement promising leniency, and the words of the trial judge, illustrate, however, the problems inherent in the plea bargaining process.

In *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A. 2d 699 (1966), our Supreme Court expressly indicated that plea bargaining is in general a permissible device, frequently serving the best interests of both the Commonwealth and the accused. That device has been utilized to encourage the moving of cases by having the accused enter a plea of guilty, and thereby avoiding costly, time-consuming litigation to determine guilt. In exchange, the agreement usually involves some form of leniency or absolution. Problems have arisen in those cases where the accused is coerced into the bargain, or where the bargain is not kept. Because of the potential dangers that evolve from an abuse or perversion of such a system, certain safeguards have been recognized through the emerging case law, A.B.A. standards, and court rules.

Whenever a defendant in a criminal proceeding chooses to plead guilty, the trial court's primary duty is to discover by way of careful colloquy whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). When the plea of guilty is entered pursuant to an agreement, the determination of whether the plea is voluntarily and knowingly made becomes even more complex. It is not unusual for an accused to be lulled into believing that the court proceedings are a mere formality, and that everyone involved is party to the promised bargain, upon which the plea is founded. For

that reason, it is absolutely necessary for the court to be aware of the existence of such a bargain.

This affirmative duty to disclose a plea bargain was established by the case of *Commonwealth v. Alvarado,* 442 Pa. 516, 519, 276 A. 2d 526 (1971), where Justice ROBERTS writing for the Court, said: "[A]n on-the-record disclosure of the plea bargain would serve both to protect the defendant in the event that the prosecutor does not subsequently abide by the plea bargain and to protect the Commonwealth against later false claims of unkept bargains. . . . [W]e will in the future expect defense counsel to see to it that the court is made aware of the existence and terms of any plea agreement. This responsibility is, of course, shared concurrently by the prosecutor and by the court itself. In this regard, we are in substantial accord with the American Bar Association's recommended standard."[1]

In the instant case, we do not have the situation of a failure to inform the trial judge of a plea agreement. The judge was adequately informed of the existence of the bargain for a lenient sentence. He, however, disregarded the agreement and recommendation and, instead, imposed a stricter sentence. The question then becomes whether appellant should have been permitted to withdraw his guilty pleas after the trial judge imposed sentence. We believe appellant should have been afforded that right.

---

[1] A.B.A. Standards Relating to Pleas of Guilty, §1.5 provides, in part: "By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and if it is, what agreement has been reached." See also, Concurring Opinion by Justice ROBERTS, *Commonwealth v. Hollenbaugh,* 449 Pa. 6, 295 A. 2d 78 (1972), and Pa. R. Crim. P. §319, amended October 3, 1972, *infra.* As Justice ROBERTS said in *Hollenbaugh,* "The failure by both the district attorney and defense counsel to inform the court of the existence of the plea bargain was in clear violation of their respective professional obligations." 449 at 14.

In *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971), the Supreme Court of the United States recognized the dangers to a defendant who enters a plea on the basis of a bargain, which is not later followed. While recognizing the value of plea bargaining to the administration of criminal justice, the Court stated: "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."[2]

The majority of jurisdictions that have faced this issue permit the withdrawal of a guilty plea when a plea bargain is not kept. See, e.g., *White v. Gaffney*, 435 F. 2d 1241 (10th Cir. 1970); *People v. Fratianno*, 6 C.A. 3d 211, 85 Cal. Rptr. 755 (1970); *State v. Wolske*, 280 Minn. 465, 160 N.W. 2d 146 (1968); *Peo-*

---

[2] A.B.A. Standards Relating to Pleas of Guilty, §2.1, suggest that a defendant should be permitted "to withdraw his plea of guilty or nolo contendere whenever the defendant . . . proves that withdrawal is necessary to correct a manifest injustice. . . . (ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that: . . . (4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement." Our Supreme Court has said that even when originally agreed upon, and the trial judge later decides he will not or cannot concur in the agreement, "he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere . . . Moreover, if a judge refuses to accept a plea bargain . . . the trial should be held where practical before another judge who has no knowledge of the prior plea bargaining." *Commonwealth v. Evans*, 434 Pa. 52, 56 n*, 252 A. 2d 689 (1969), citing with approval, A.B.A. Standards Relating to Pleas of Guilty, §3.3(b).

*ple v. Sigafus,* 39 Ill. 2d 68, 233 N.E. 2d 386 (1968). This Court, in *Commonwealth v. Todd,* 186 Pa. Superior Ct. 272, 278, 142 A. 2d 174 (1958), held that it was reversible error for the trial judge to deny appellant's withdrawal of his guilty pleas, where it was entered pursuant to an agreement. Our Court, there said that "[t]he defendant's plea of guilty was induced by promises of a recommendation of leniency at least to the above extent [in exchange of cooperation in prosecution of related federal cases] and on that ground the majority of us are of the opinion that the sentencing judge is clearly chargeable with an abuse of discretion in refusing to allow the defendant to withdraw his plea." (Emphasis added.)

Recently, in response to the growing concern in this Commonwealth and in other jurisdictions that a defendant was not being afforded appropriate safeguards when entering a plea pursuant to a plea bargain, our Supreme Court promulgated an amended Rule 319. The following is that rule with the amended portions italicized:

"Rule 319. Pleas *and Plea Agreements.*

"(a) GENERALLY. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The Judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly *tendered* (replacing the word, "made"). Such inquiry shall appear on the record.

"*(b) PLEA AGREEMENTS.*

"*(1) The trial judge shall not participate in the plea negotiations preceding an agreement.*

"*(2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the*

*agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.*

*"(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea."*

It is to be emphasized that we are to hereafter consider a plea of guilty as a "tender", and as such not be considered as irrevocably "made". Rule 319, we believe, does no more than affirm the long line of cases in this and other jurisdictions that recognize that "manifest injustice" may only be avoided if the accused is afforded necessary safeguards against the possibility of an unfulfilled bargain, which is either the sole or primary inducement in the tender of a guilty plea in the first instance. The clear mandate of this rule and the cases upon which it is founded supports the conclusion that the appellant should have been permitted to withdraw his plea.[3]

---

[3] In a recent Third Circuit opinion, Judge Rosen permitted a defendant, sentenced by a Pennsylvania trial judge, who did not accept the terms of a "disclosed" plea bargain, to withdraw his plea of guilty, thereby reversing our Supreme Court. The Court stated in its opinion: "There is nothing inherently wrong in honest plea bargaining. In our case the Assistant District Attorney and defendant's counsel negotiated a plea bargain. Defendant was to change his not guilty to a guilty plea to the murder indictment. The Government would recommend to the court that Culbreath receive a two year sentence at Broadmeadows and after imposition of sentence the remaining indictments would be dismissed. The 'essence of those promises' was made known to the trial judge. Santobello, 404 U.S. pp. 261-262, 92 S. Ct. 495, 30 L. Ed. 2d 427. This understanding cannot commit or bind the sentencing judge to any particular sentence. There is no absolute right to have a guilty plea accepted. However, if the judge ultimately determines that the interest of justice would not be served by accepting the Government's recommendation made pursuant to such agreement the defendant

We therefore reverse appellant's conviction, and permit appellant to withdraw his plea of guilty. A new trial should then be brought before another judge, who has not taken part in the original sentencing.[4]

WRIGHT, P. J., would affirm on the opinion of Judge CHUDOFF.

WATKINS, J., dissents.

---

should be permitted to withdraw his guilty plea, particularly where, as here, there is no Government claim of prejudice or harm." *U.S. ex rel. Culbreath v. Rundle*, 466 F. 2d 730, 734 (3d Cir. 1972).

[4] *Commonwealth v. Dickerson*, 449 Pa. 70, 295 A. 2d 282 (1972), which denied an appellant's petition to withdraw his guilty plea, is inapposite to the instant case. Unlike our case, counsel deny the existence of a plea bargain promising a lenient sentence. Our Supreme Court found that the only proof of such an agreement was appellant's testimony at his PCHA hearing. The Court said: "Obviously, these allegations raised a question of credibility and the PCHA hearing judge chose to believe (as was his discretionary right) the testimony given by counsel. See Commonwealth v. Holl, 434 Pa. 312, 254 A. 2d 11 (1969)." 449 at 73-74. As both the district attorney and defense counsel concur in appellant's allegations, in the instant case, of the existence and terms of the plea bargain, *Dickerson* must give away to existing case law and the newly-amended Rule 319, see *supra*.