Commonwealth *v.* McKee, Appellant.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Thomas Branca* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 11, 1973:

On an afternoon in July of 1966, two police officers, according to their report, were patrolling Vine Street in Philadelphia when they observed the complainant

with his arms raised above his head, and another male, later identified as the appellant, standing in front of him outside of a service station. When the officers drove into the station the appellant fled. At this time the complainant informed the officers that the appellant had a gun and had attempted to rob him of his money. The police then pursued the appellant and apprehended him not far from the scene of the crime. Following a "pat-down" of the appellant the police found a blue steel starting pistol nearby.

At his arraignment the appellant pleaded not guilty, but, after several continuances caused by the failure of the complaining witness to appear, he subsequently entered a plea of guilty voluntarily upon the advice of counsel. A plea bargain had been negotiated whereby the prosecution promised to recommend a sentence of three years' probation. At the trial the plea was entered and the prosecution made its promised recommendation, but added that it was only in view of the fact that complainant was not there. The court was reluctant to accept the recommendation without a pre-sentence investigation because a gun had been used in the robbery. The prosecuting attorney then said that she would have recommended three to ten years but for the fact that the complainant was unavailable. At the sentencing hearing, neither the defense counsel nor the prosecution reminded the judge that there had been a recommendation of three years probation. The judge set sentence at 229 days to five years with a recommendation for prompt parole. The defendant is currently on parole and brings this appeal from a denial of his petition under the Post Conviction Hearing Act, 19 P.S. §1180 et seq. (Supp. 1973).

The appellant first argues that the failure of both the prosecution and defense counsel to call the recommendation to the sentencing judge's attention constituted both a breach of the plea bargain by the prosecu-

tion and a denial of effective assistance by defense counsel.

It is now well recognized that plea bargaining is a vital aide to the effectuation of criminal justice. See *Santobello v. New York*, 404 U.S. 257, 261 (1971); *Commonwealth v. Wilkins*, 442 Pa. 524, 531 (1971); *Commonwealth v. Alvarado*, 442 Pa. 516, 520 (1971); *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 347 (1966). However, because this is such a vital part of criminal justice, and necessarily involves a waiver of a host of constitutional rights guaranteed to the accused, the process of plea bargaining must be subject to "standardization and review as is the rest of our criminal justice system." *Commonwealth v. Wilkins*, supra. See also *Santobello v. New York*, supra. Hence, it is now well settled that if the prosecution breached its promise to make or refrain from making a recommendation, the court must allow the defendant to withdraw his guilty plea and plead anew, *Commonwealth v. Wilkins*, supra, or, in a proper case, receive specific enforcement of the promise, *Commonwealth v. Alvarado*, supra. In his appeal, the appellant asserts that the Commonwealth failed to fulfill the reasonable expectations of the appellant when it did not recommend three years of probation at the time of sentencing, although it had made the recommendation for the record and in open court one month earlier when the plea was entered.

In *Wilkins* the Supreme Court granted the appellant's request to withdraw his plea when the prosecution alleged only that it made the promised recommendation at side bar, and admitted that the judge was not reminded of it at the sentencing hearing more than four months later. The Supreme Court reasoned that, "The shy mention by the prosecuting attorney that a recommendation was being made was not what the appellant bargained for. . . ." Id. at 529. In the instant case, the prosecution made the recommendation

in open court and for the record. At the time of sentencing the judge had the recommendation before him in writing. He rendered sentence not in ignorance of the recommendation, but in spite of it. There was no error here entitling appellant to withdraw his plea.[1] For essentially the same reasons, the appellant was not denied the effective assistance of counsel, since defense counsel could rightly assume that the sentencing judge was considering the recorded recommendation along with the pre-sentence investigation report in determining the proper sentence.

Finally, the appellant argues that his counsel was inadequate when he advised the appellant to plead guilty even though the complainant was not within the reach of process and would not voluntarily appear. Appellant feels that because of this alleged inadequacy his plea could not have been knowing, intelligent and voluntary. The foundation of this argument is that the Commonwealth's evidence was insufficient to support a verdict.

First, we cannot agree that the Commonwealth's evidence was obviously insufficient. The police officers were eyewitnesses to the commission of the crime. Shortly thereafter, and as a result of an immediate chase, the officers apprehended the appellant with a gun nearby. Because of the appellant's plea the police were never required to offer testimony supplementary to their police report. The defense counsel could have concluded that such testimony would reveal, inter alia, that the clothing of the man they apprehended was identical to

---

[1] It should be noted that all these events occurred in 1969 before the adoption of Pa. R. Crim. P. 319(b)(3) which requires the judge to permit the defendant to withdraw his plea if the judge is not going to concur in the bargain. Whatever the potential effect this rule may have on cases like the instant case, the rule had not been adopted at the time the events now under consideration occurred, and therefore is not applicable herein.

that of the robber, that the appellant's fingerprints were on the recovered pistol, that the appellant's physical stature was similar to the culprit's, etc. In the face of a promise of such a lenient recommendation and substantial direct and circumstantial evidence, the defense counsel may have been wise indeed in suggesting that the appellant plead guilty. Counsel amply fulfilled the requirements of adequacy frequently stated in Pennsylvania. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604 (1967), the Supreme Court described the test as follows: "We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record." Under the aforementioned circumstances there was clearly "some reasonable basis" for defense counsel to conclude that a recommendation of three years' probation was in the best interest of his client. While the Commonwealth's case was weak, there was sufficient evidence to support a conviction. The leniency of the recommendation amply reflected the weakness of the case. Indeed, the ultimate sentence was lighter than that ordinarily meted out for armed robbers.[2]

It must be pointed out that the case of *Commonwealth v. Barrett*, 223 Pa. Superior Ct. 163 (1972) is not controlling here in the light of the recent Pennsyl-

---

[2] The record indicates the reason for the judge's selection of a 229 day minimum sentence. The appellant had already served that time and was thus eligible for immediate parole. Given the fact that the appellant had a prior record including convictions for two counts of larceny, two counts of receiving stolen goods, assault and battery, assault and battery with an auto, making threats to kill, the sentence was anything but severe.

vania Supreme Court case of *Commonwealth v. Dickerson*, 449 Pa. 70, 74 (1972), approved in *Commonwealth v. Hauser*, 450 Pa. 388, 390 (1973). In *Dickerson* the Commonwealth made and kept its promise to recommend a sentence of two to five years. The sentencing court, nevertheless, meted out a sentence of three to ten years. In the Supreme Court's words, the primary issue on appeal was, "Whether a promise made by a district attorney to make a recommendation for a specific lenient sentence, when not followed by the sentencing judge, allows the defendant the privilege of withdrawing the plea." In a rather extensive recitation of the colloquy between the lower court and the defendant, the Supreme Court was careful to point out that counsel for the defendant "carefully informed [the defendant] of the nonbinding nature of the recommendation." The Supreme Court then went on to hold, "Where the district attorney enters into and keeps a plea bargain to recommend a certain sentence to the court, and the defendant *clearly understands this recommendation is not binding on the court,* as this record persuasively demonstrates, the plea is not rendered invalid merely because the court rejects the district attorney's recommendation." (Emphasis added).

Furthermore, to apply *Barrett* here would be to give it retroactive application not only to the instant case but to the hundreds of PCHA appeals coming before our courts under a proposition of law that did not exist at the time guilty pleas were entered. See *Commonwealth v. Alvarado,* 442 Pa. 516, 518 (1971); *Commonwealth v. Wilkins,* 442 Pa. 524, 532 (1971). From these cases sprang the new Pa. R. Crim. P. 319 which was clearly intended to have prospective application. See also *In re Tahl,* 1 Cal. 3d 122, 181 Cal. Rptr. 577, 460 P. 2d 449, cert. denied, 398 U.S. 911 (1970); *McCarthy v. United States,* 394 U.S. 459 (1969); where both courts reached the conclusion that new decisions

standardizing the procedure for the entrance of guilty pleas should only be prospectively applied.

The distinguishing feature in *Barrett* is the fact that despite the lower court's warning of the non-binding nature of the district attorney's recommendation, defense counsel repeatedly advised and misled defendant into believing that the judge would nevertheless sentence substantially in accordance with the recommended minimum. As Judge HOFFMAN correctly pointed out in the *Barrett* opinion, the crux of the appeal was the problem of the defendant being "lulled into believing that the court proceedings are a mere formality."

This did not occur in *Dickerson* in which the Supreme Court noted the full impact of the lower court's warnings registered with the defendant and that at no time did either the prosecutor or defense counsel attempt to undermine the court's warnings with the kind of advice given in *Barrett*.

The decision of the lower court in dismissing the appellant's Post Conviction Hearing Act petition is affirmed.