Commonwealth *v.* Wilson, Appellant.

8

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John S. Manos,* and *DePaul and Manos,* for appellant.

*Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., March 31, 1975:

Appellant, Craig Wilson, was arrested on January 13, 1972, on charges of assault and battery, aggravated assault and battery, mayhem, and assault and battery with intent to murder. He and two companions had gone to a nearby elementary school in order to shoot a rival gang member. One of this group fired at the intended victim, but instead hit a bystander. After all three had been arrested, the District Attorney and appellant's counsel negotiated two agreements. The first agreement was a plea bargain that contemplated a sentence of three to ten years. On October 20, 1972, the trial judge accepted the bargain and appellant pleaded guilty. The second agreement was that if appellant testified against his two co-defendants the Commonwealth would recommend a minimum sentence of two years. When the trial judge accepted the plea bargain he acknowledged this second agreement and indicated that if appellant did testify against his co-defendants, he would consider reducing

the minimum sentence to eighteen months. He then deferred sentence pending the trials of the co-defendants, and appellant was incarcerated. During the next twelve months, however, neither co-defendant was brought to trial. On five or six occasions appellant was scheduled for sentencing, but each time the case was continued at the Commonwealth's request to await the other trials. After appellant had been in prison for twelve months the first of the co-defendants was brought to trial. Appellant on advice of counsel refused to testify but the defendant was convicted anyway. On December 5, 1973, appellant was brought before the court to be sentenced. The trial judge acknowledged the original plea bargain but said he did not feel compelled to follow it because appellant had failed to testify. Appellant thereupon moved to withdraw his guilty plea but the motion was denied. He was then sentenced to three years and one day to fourteen years. This appeal followed.

The question whether the plea bargain was conditioned on appellant's future testimony is not at issue. The record shows, and the Commonwealth admits, that there were two independent agreements, and that the plea bargain was not dependent upon the agreement to testify but was merely the promise of a three to ten year sentence in exchange for a plea of guilty. Appellant contends that when the trial judge rejected the plea bargain, he had a right to withdraw his plea.[1] In response, the Commonwealth argues that appellant is only entitled to have his sentence reduced to the agreed terms.

The decision whether to accept or reject a plea bargain is in the exclusive discretion of the trial judge and is not reviewable. "There is no absolute right to have a guilty plea accepted." *United States ex rel. Culbreath v. Rundle,* 466 F.2d 730, 735 (3d Cir. 1972). Thus, when the trial judge rejected the plea bargain he removed it as

---

1. Appellant also contends that he should be discharged, but this claim requires no discussion.

the basis for sentence. This court cannot on its own motion restore the plea bargain, decide that it was acceptable, and impose sentence accordingly. Rather, our analysis must begin with the fact that the trial judge rejected the plea bargain.

Rule 319(b) of the Pennsylvania Rules of Criminal Procedure states: "If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea."[2] Since this rule was adopted on October 3, 1972, to be effective thirty days later, application to the present case may appear to raise a question of retroactivity. In fact, it does not. It is true that appellant's guilty plea was entered on October 20, 1972, but appellant was not sentenced until December 5, 1973. The plea bargain was thus refused after the effective date of the rule. Moreover, in *Commonwealth v. Barrett*, 223 Pa. Superior Ct. 163, 299 A.2d 30 (1972), this court held that the defendant was entitled to withdraw his guilty plea even though rejection of the bargain occurred on December 12, 1968. The court stated:[3] "Rule 319, we believe, does no more than affirm the long line of cases in this and other jurisdictions that recognize that 'manifest injustice' may only be avoided if the accused is afforded necessary safeguards against the possibility of an unfulfilled bargain, which is either the sole or primary inducement in the tender of a guilty plea in the first instance. The

---

2. *Accord*: ABA Standards Relating to The Function of the Trial Judge, Approved Draft, 1972, 4.1(c): "If the plea agreement contemplates the granting of charge or sentence concessions by the trial judge, he should: (iii) permit withdrawal of the plea (or, if it has not yet been accepted, withdrawal of the tender of the plea) in any case in which the judge determines not to grant the charge or sentence concessions contemplated by the agreement."

3. WRIGHT, P.J., would have affirmed on the opinion of the lower court; WATKINS, J., dissented.

clear mandate of this rule and the cases upon which it is founded supports the conclusion that the appellant should have been permitted to withdraw his plea." *Id.* at 170, 299 A.2d at 33. A new trial was ordered before a judge who had not taken part in the original sentencing.

It is therefore clear that the trial judge after he rejected the plea bargain had the duty under Rule 319 and *Barrett* to grant appellant's motion to withdraw his guilty plea. Had this been done, appellant would have been granted a trial. The same result must occur on appeal.

The Commonwealth contends that it will be prejudiced by granting appellant a trial because the passage of time will interfere with successful prosecution. Nowhere in the record or the briefs, however, does the Commonwealth give any specific reasons to support its contention. Further, the delay in disposition of this case was caused by the Commonwealth's own actions. As has been mentioned, appellant was scheduled for sentencing on five or six occasions, but each time the Commonwealth requested a continuance until the co-defendants were tried. The Commonwealth cannot show prejudice for a delay caused by its own trial strategy.

Appellant's conviction is reversed. He is permitted to withdraw his plea of guilty and is granted a trial before a judge who did not take part in the original sentencing.

WATKINS, P.J., and VAN DER VOORT, J., dissent.