370 A.2d 1214

COMMONWEALTH of Pennsylvania

v.

Thomas FELDER, Appellant.

Superior Court of Pennsylvania.

Submitted June 9, 1975.

Decided Nov. 22, 1976.

Francis P. Burns, Assistant Public Defender, Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from the denial of a Post Conviction Hearing Act [1] petition requesting a new trial and permission to withdraw a guilty plea on the grounds that the plea was unlawfully induced and that appellant was denied effective assistance of counsel. [2] We reverse and remand for further proceedings in accordance with the instructions set forth below.

We very much regret the necessity of such an order. The case presents no novel or difficult issue; it should have been routinely and expeditiously disposed of long ago. Instead, appellant was ineffectively represented by counsel at every stage of the proceedings, including this appeal; the lower court committed clear error; [3] and the Commonwealth manifested its indifference to the administration of criminal justice by its failure to file any appellate brief. [4]

It is distressing to make these remarks, the more so as they may be read as implying that we think the conduct of our own business beyond criticism; we know it is not.

1. Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 et seq.

2. Although other grounds for relief were alleged in the PCHA petition, they have not been raised in this appeal.

3. This statement does not refer to President Judge Brominski, the first guilty plea hearing judge, whose conduct was without error.

4. Between the writing and filing of this opinion, the Commonwealth did submit a brief. It was, however, one year late and was of no assistance to the court since the opinion had already been written.

Nevertheless, we must all do better. Sometimes those who call for efficiency want it at the expense of individual rights (at least they do unless perchance they are accused of crime). That sort of efficiency is tyranny; and when settled principle and orderly procedure are ignored, tyranny results. That is why we speak so harshly.

## I.   History of the Case

■ On January 15, 1974, appellant appeared before President Judge BROMINSKI of Luzerne County, and pleaded guilty to the crime of possessing heroin with intent to deliver. A petition to withdraw the plea was filed on January 22, 1974, by appellant's counsel, the first of a line of assistant public defenders to represent appellant. After a hearing on January 30, the President Judge granted the petition because appellant's counsel had ignored appellant's request that he file a pre-trial suppression motion challenging the validity of the search warrant pursuant to which the heroin was found. In such circumstances, as the President Judge correctly stated in his opinion, "a judicial determination of the validity of the search warrant should be considered."

At the time, appellant was in the Lackawanna County jail. He claims he wrote to the public defender of Luzerne County and requested that the suppression motion be filed, but that the defender never responded. In any event, no motion was filed.

On February 19, 1974, appellant was again brought to the Luzerne County court. At his PCHA hearing he testified that he thought he had been brought there for a suppression hearing. When he arrived, however, he learned for the first time that he was being represented by a second assistant public defender, that no suppression motion had been filed, and that his purpose for being there was to stand trial. Before the court proceed-

ings began, appellant, his wife,[5] and their respective counsel met privately with the district attorney and the prosecuting police officer. Appellant again informed his counsel that he wished to have a suppression hearing. According to appellant, the district attorney warned him of the consequences of this,[6] and his own counsel refused to file the requested motion.[7] Thereupon, appellant yielded and agreed to plead guilty again.

At the beginning of this second guilty plea hearing, the district attorney recommended to the court, in accordance with an agreement made with counsel for appellant and his wife, that appellant and his wife not be sentenced until they had been sentenced on charges of which they had been convicted in Lackawanna County. The purpose of this was apparently to leave open the opportunity for concurrent sentences.

The court then conducted the guilty plea colloquy. The portion of the colloquy dealing with the nature of appellant's offense consisted entirely of the following:

> BY THE COURT: To Mr. and Mrs. Felder. Do you both understand that you have been charged with the crime of possession of a controlled substance with intent to deliver? Mr. Felder?
>
> DEFENDANT THOMAS FELDER: Yes.
>
> .    .    .    .    .    .    .    .
>
> BY THE COURT: All right. Do you know the meaning of this charge?

5. Appellant's wife was charged with the same offense as appellant and also withdrew her first guilty plea. Her case is not before us.

6. Appellant testified that the district attorney said: "If you fight, you got to take the chances. I'm really going to put it on you," and that he "would sock [appellant] out of the box." Appellant also testified that counsel told him "ten years is better than fifteen."

7. Evidently appellant was not told and did not know that it may have been too late to file a suppression motion. Pa.R.Crim.P. 305 (pre-trial motions to be filed 10 days or more before trial).

DEFENDANT THOMAS FELDER: Yes, sir.

Defense counsel neither participated in nor objected to the colloquy.

Before the Commonwealth presented evidence to establish the factual basis of the plea, the following exchange regarding the suppression motion occurred:

MR. MUROSKI [district attorney]: One of the reasons that Judge Brominski allowed Mr. and Mrs. Felder to withdraw their previous guilty plea, sir, was to afford them the opportunity of pursuing a motion to suppress the search warrant in the case. I have that search warrant in front of me, Your Honor, and I believe that they should be advised of that right.

BY THE COURT: All right. Now you will recall that the reason the Court allowed you to withdraw your pleas of guilty, by an Opinion and Order dated January 30, 1974, is because you complained to the Court that you wished a hearing on the search warrant in question. Do you now withdraw your request for hearing on the search warrant? Mr. Felder?

DEFENDANT THOMAS FELDER: Yes.

After the Commonwealth presented its evidence, the court accepted the guilty plea and stated: "In accordance with the request made here this morning, the sentence will not be meted out in this matter until after sentence has been imposed on the defendants' matters in Lackawanna County, at which time both defendants will be notified to appear before this Court for sentencing."

Sometime after appellant had entered his second guilty plea he was transferred to the State Correctional Institution at Dallas. There he consulted with one LeRoy Frisby, a prisoner-member of the Resident Law Clinic. On May 13, 1974, Frisby wrote a letter on appellant's behalf to the court below asking permission to withdraw appellant's second guilty plea. On May 15, 1974, the court wrote back to Frisby, that a written petition to withdraw should be submitted. Frisby, however, became in-

volved in a hearing on his own case, so that when appellant was called for sentencing on June 5, 1974, such a petition had not been filed.

According to appellant's brief, he was not represented by counsel at sentencing, although his wife was. The cover of the sentencing transcript lists one assistant public defender as counsel "for the Defendants." However, the defender had represented only Mrs. Felder in prior proceedings. If indeed he was also representing appellant, apparently appellant did not know it. Assuming representation, it was less than zealous since the defender did not say one word during the proceedings.

Appellant himself, however, renewed his efforts to withdraw his plea:

DEFENDANT (Thomas Felder): What about the letter the law clerk wrote to you?

BY THE COURT: Mr. Felder, I received a letter on May 15, it was dated May 13, and I immediately wrote back on May 15, to a Mr. LeRoy Frisby, a member of the Resident Law Clinic.

I stated to Mr. Frisby, in the matter of your request that before this guilty plea be permitted to be withdrawn, that a written Petition for Withdrawal of said plea be prepared, signed and notarized, and mailed to me for consideration.

Since I haven't heard anything, we are going to go ahead.

DEFENDANT (Thomas Felder): He was mailing it out today.

BY THE COURT: You people have been doing this for some time, entering pleas and then withdrawing them.

You may take whatever steps you wish to take after sentencing. You can appeal and we'll advise you of your right to do so.

The court then sentenced appellant to pay costs and to be imprisoned for 3½ to 7 years, this term to run consec-

utive to any sentence he was then serving. Next the court advised appellant of his right to appeal, to which appellant responded: "I want to appeal my whole conviction in this case." After his wife was sentenced, appellant raised the withdrawal issue again:

DEFENDANT (Thomas Felder): So the only thing I can appeal on is the sentence, not as far as the charges is concerned?

BY THE COURT: This is correct, yes.

DEFENDANT (Thomas Felder): I'm denied the right to withdraw?

BY THE COURT: Under all the circumstances, the Court is denying that right. The Court is denying your request to withdraw your plea.

According to appellant's PCHA hearing testimony, which the Commonwealth did not dispute, the appellant's brief, on the date of sentencing appellant had not yet been sentenced on the Lackawanna County charges, although his wife had been. There was no mention of those charges at sentencing.

On June 13, 1974, eight days after sentencing, appellant filed a petition under the Post Conviction Hearing Act. The court appointed the Chief Public Defender to represent appellant. The Commonwealth answered the petition on June 28, and on July 22, a PCHA hearing was held, at which appellant was represented by yet another assistant public defender.

At the beginning of the hearing the district attorney said: "This concerns a postconviction petition, upon which the Court has ordered a hearing, and I believe that the burden of proof is upon the Defendant in this type proceeding, sir." The Court replied: "Correct." Appellant's counsel said nothing, and the hearing proceeded.

Appellant and his wife testified on their own behalf, focusing primarily on the alleged unlawful inducement of the second guilty plea. Counsel asked no questions and made no argument regarding the adequacy of the guilty

plea colloquy. Nor did counsel call either of the assistant public defenders who had previously represented appellant to testify as to the circumstances of appellant's ineffectiveness claim. The Commonwealth presented only the police officer who was at the discussions before the second plea. He testified that the district attorney made no promises regarding the sentence.

■ On August 7, 1974, the court dismissed appellant's PCHA petition, and appellant subsequently filed this appeal.[8] His counsel on appeal is the same attorney who represented him at the PCHA hearing.

## II. Ineffective Assistance of Counsel

### A

■ Before we discuss appellant's claim that his several trial counsel were ineffective, it is necessary to note that appellate counsel is in the untenable position of having to argue the ineffectiveness of his own associates in the public defender's office. Appellant's PCHA petition clearly claimed that the several assistant public defenders who had represented him at the two guilty pleas and at sentencing had been ineffective. The lower court nev-

---

8. Thus, it will be observed, no direct appeal was taken from the judgment of sentence. Ordinarily where an issue could have been raised on direct appeal but was not, it is waived and cannot be raised in a post-conviction proceeding. Post Conviction Hearing Act, *supra*, §§ 3 and 4, 19 P.S. §§ 1180–3 and 1180–4 (Supp. 1976–77). An exception is made, however, where "extraordinary circumstances" justify the failure to appeal, *id.*, § 4(b)(2), 19 P.S. § 1180–4(b)(2); and ineffectiveness constitutes "extraordinary circumstances." *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973). This is especially true where, as here, ineffectiveness is one of the issues to be raised on appeal and direct appeal counsel would have to raise his own ineffectiveness. *See Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976). As already apparent from the foregoing recitation, but as will next be discussed, ineffectiveness pervades the record. Were we to remand for a hearing on why no direct appeal was filed, the only result would be that the court below would have to allow appellant to appeal *nunc pro tunc,* and the exact issues before us now would be raised. Neither the interests of justice nor judicial economy would be served by such a futile remand.

ertheless appointed the defender to represent appellant again. This was reversible error, *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (Filed June 28, 1976), for it required counsel to choose between protecting either the interests of his associates or the interests of his client. In such a situation, it will not be assumed that counsel will advise his client either of his own inadequacies or those of his associates. *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974). *Accord: Commonwealth v. Crowther, supra; Commonwealth v. Bliss,* 239 Pa.Super. 347, 362 A.2d 365 (1976).[9]

██ Upon remand, therefore, we shall direct the court to appoint new counsel, not from the public defender's office, to represent appellant.[10]

### B

In fact counsel did not advise appellant of the inadequacies of his associates. We do not suggest that this was intentional. Rather, counsel probably assumed that his associates had done an adequate job, with the result that he did not review the record as thoroughly as he would otherwise have done.

██ ██ Had counsel reviewed the record more thoroughly, he would have discovered that the second guilty plea colloquy was inadequate. *Commonwealth v. Ingram,* 455 Pa. 198, 203–204, 316 A.2d 77, 80 (1974), requires that an adequate on-the-record colloquy under Pa. R.Crim.P. 319(a) include a demonstration that the defendant understands the nature of the charges. To demonstrate that, "the record must disclose that the elements of the crime or crimes charged were outlined in under-

9. If a judge inadvertently makes such an appointment, the appointed attorney should inform the judge of the conflict of interest and request that different counsel be appointed.

10. New counsel must be appointed even when the defendant has not specifically raised the issue. *See Commonwealth v. Via, supra; Commonwealth v. Bliss, supra.*

standable terms." *Id.* Here the elements of the crime with which appellant was charged were never mentioned during the colloquy. Because counsel did not discover the inadequate colloquy, he did not raise the issue at the PCHA hearing or on appeal. Thus, even though the issue is meritorious, we are precluded from considering it. *Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975).

█ Counsel's erroneous assumption that the colloquy was adequate caused him to make a second mistake. It will be recalled that at the beginning of the PCHA hearing, without objection from counsel, the district attorney stated, and the court agreed, that the burden of proof was on appellant. In fact, for guilty pleas entered after the decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968), the rule is that if the record colloquy is inadequate, the Commonwealth has the burden of proving that the plea was voluntarily and intelligently made. *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A.2d 448 (1971); *Commonwealth v. Daymude,* 227 Pa.Super. 115, 323 A.2d 264 (1974). Since counsel failed to object, the hearing proceeded with the burden on the wrong party.

Finally, counsel also did not discover that trial counsel had taken no direct appeal. Appellant apparently filled out the PCHA petition form by himself or with the help of a Resident Law Clinic member. The form was filed eight days after sentence—well before the time for filing a direct appeal had expired. Appellant had stated at sentencing that he wanted to appeal, and he may well have thought that filing the PCHA petition was an appeal. Had counsel been more attentive, he could have withdrawn the PCHA petition and filed a direct appeal (or if necessary, have obtained leave of court to file *nunc pro tunc*). Following correct procedure would have relieved this court of the task of determining whether the case was properly before us. See footnote 7, *supra.*

■ Counsel's assistance is constitutionally effective if the particular course chosen by him had some reasonable basis designed to protect his client's interests. *Commonwealth v. Nole*, 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Hill*, 231 Pa.Super. 371, 331 A.2d 777 (1974). We can perceive no reasonable basis for not calling to the lower court's attention the inadequacy of the second guilty plea colloquy and the erroneous allocation of the burden of proof, nor for not taking a direct appeal. We cannot grant appellant relief on these theories of ineffectiveness, however, because appellate counsel did not raise them in his brief. *See Commonwealth v. Gilmore*, 464 Pa. 464, 347 A.2d 305 (1975).

## C

■ Of the theories of ineffectiveness that appellate counsel has raised in his brief to us, the one most urgently pressed is that trial counsel was ineffective in not filing a suppression motion. In support of this theory it may be noted that although counsel will not be declared ineffective for not filing a motion that would be fruitless, *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973), ordinarily there is little tactical reason for not filing a suppression motion. *Commonwealth v. Hill, supra.*

■ Nevertheless, on the record we cannot say that trial counsel was ineffective. We cannot tell whether the motion would have been fruitless. The search warrant itself is in the record, but the affidavit of probable cause is not. Appellant's trial counsel did not testify at the PCHA hearing so we do not know why they did not file the motion.[11] In addition, appellant told the lower court

11. Neither do we know why PCHA counsel did not call trial counsel to testify.

**338**

that he had withdrawn his request for a suppression hearing. Although appellant may have been pressured into that statement by the refusal of his counsel to file a motion, the court did not know that and cannot be faulted for taking appellant at his word.

■ Appellate counsel also argues that trial counsel was ineffective for not interviewing or advising appellant before trial. The fact that only a short time was spent in conference with a client, however, does not *per se* establish ineffective assistance of counsel. *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973).

■ ■ Finally, appellate counsel argues that appellant was denied effective assistance of counsel because he was not represented by counsel at sentencing. There is no doubt that appellant was constitutionally entitled to counsel at sentencing since it is a "critical stage" in the criminal proceedings. *Commonwealth v. Morales,* 444 Pa. 388, 282 A.2d 391 (1972); *Commonwealth ex rel. Mullins v. Maroney,* 428 Pa. 195, 236 A.2d 781 (1968). *Also see* Pa.R.Crim.P. 318. This argument, however, was not raised in the PCHA proceedings below and we cannot consider it for the first time on appeal. *Commonwealth v. Bronaugh, supra.*

### III. Unlawful Inducement of Guilty Plea

■ There is one issue both meritorious and sufficiently preserved. It is that appellant should be permitted to withdraw his guilty plea because he was induced to plead by a plea bargain that the lower court agreed to on the record at the guilty plea hearing but did not honor at sentencing. Specifically, appellant points out that the court imposed sentence before sentence had been imposed in Lackawanna County, despite the court's statement, when accepting the plea, that "[i]n accordance with the request made here this morning, the sentence will not be

meted out . . . until after sentence . . . in Lackawanna County . . . ." [12]

Pa.R.Crim.P. 319(b)(3) requires a judge to permit withdrawal of a plea when he decides not to honor a bargain to which he had agreed:

If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

Withdrawal is required because it would be unfair to accept a guilty plea that was induced in part by a particular sentence concession and then not grant that concession. *Commonwealth v. Barrett*, 223 Pa.Super. 163, 299 A.2d 30 (1972). This is particularly so where, as here, the judge has stated on the record that he would grant the concession.

■■ The remedy for a dishonored bargain is to reverse the defendant's conviction and remand to permit the defendant to withdraw his guilty plea. *Commonwealth v. Sutherland*, 234 Pa.Super. 520, 340 A.2d 582 (1975); *Commonwealth v. Wilson*, 234 Pa.Super. 7, 335 A.2d 777 (1975); *Commonwealth v. Barrett*, 223 Pa.Super. 163, 229 A.2d 30 (1972). We shall do so here. Any new proceeding should take place before a judge who did not participate in the original sentencing. *Commonwealth v. Evans*, 434 Pa. 52, 56 *, 252 A.2d 689, 691* (1969); *Commonwealth v. Wilson, supra; Commonwealth v. Barrett, supra.*

12. No doubt the court acted inadvertently. Also, we recognize that when appellant objected to being sentenced and asked to be allowed to withdraw his plea, immediately before sentencing, he did not specifically remind the court of its commitment. As noted in stating the history of the case, however, appellant was not then represented by counsel—at least not effectively—and he should not be penalized for not giving such a specific reminder. It would be intolerable were a judge permitted to break his commitment, whether deliberately or inadvertently. Unless upon legal advice the defendant freely releases the judge, the commitment must be honored.

In addition, as discussed *supra,* new counsel, not from the public defender's office, must be appointed, and that counsel should consider and discuss with appellant the feasibility of filing a suppression motion.

WATKINS, President Judge, and PRICE, J., concur in the result.

VAN der VOORT, J., files a concurring and dissenting opinion in which HOFFMAN, J., joins.

VAN der VOORT, Judge, concurring and dissenting:

I respectfully dissent from that part of our Order which requires that "Any new proceeding should take place before a Judge who did not participate in the original sentencing." I believe that any Judge presiding in Luzerne County may properly handle any further proceedings in this case.

HOFFMAN, J., joins in this opinion.