## Commonwealth v. Diaz

*Steven Goldman,* Assistant District Attorney, for Commmonwealth.

*Robert Long,* Assistant Public Defender, for defendant.

DIEFENDERFER, *J.,* November 15, 1983 — This case comes before the court on defendant's motion to dismiss the prosecution under the double jeopardy provision of the Pennsylvania Crimes Code[1] and United States and Pennsylvania Constitutions.[2] For the reasons stated in this opinion, defendant's motion to dismiss is hereby denied.

On October 30, 1982, a complaint was filed against defendant, charging him with burglary,[3] criminal trespass,[4] theft by unlawful taking or disposition,[5] receiving stolen property,[6] and criminal conspiracy.[7] At a preliminary hearing on November 17, 1982, a prima facie case was established on all of the charges. The information was filed on January 11, 1983 and, after defendant waived his arraignment, the case was listed for trial on February 28, 1983. On that date, defendant entered a plea of guilty to Count 3 only, theft by unlawful taking or disposition, in exchange for a binding recommendation for probation and the dismissal of the other charges against him.[8]

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S.A. §109.
2. U.S.C.A. Const. Amend. 5; Pa. Const. Art. 1, §10.
3. 18 Pa. C.S.A. §3502.
4. 18 Pa. C.S.A. §3503.
5. 18 Pa. C.S.A. §3921.
6. 18 Pa. C.S.A. §3925.
7. 18 Pa. C.S.A. §903.
8. Although the court accepted defendant's plea at that time, a presentence report was requested by the court and a final decision upon whether to accept or reject the plea was

On May 16, 1983, defendant appeared before this court to be sentenced. At that time, defendant's plea was refused by the court.[9] Defendant withdrew his plea and the case was relisted for trial. Defendant has now filed this motion, claiming that the Commonwealth's prosecution of defendant under these circumstances is a violation of the double jeopardy provisions of the United States and Pennsylvania Constitutions and a violation of Section 109 of the Pennsylvania Crimes Code, and requesting the court to dismiss the charges with prejudice.

A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted. North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed. 2d 162 (1970). Although states may confer such a right, by statute or otherwise, Pennsylvania has not done so. Commonwealth v. Wilson, 234 Pa. Super. 7, 335 A.2d 777 (1975); See Pa. R. Crim. P., 320.[10]

Rule 319 of the Pennsylvania Rules of Criminal Procedure specifically authorizes the procedure followed in the instant case.

Rule 319. Pleas and Plea Agreements.

(b) Plea Agreements

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. *If thereafter the judge decides not to con-*

---

not made until after the court reviewed said report and evaluated the plea arrangement in light of the report's contents.

9. The court decided not to accept the recommended disposition of the plea agreement—the binding recommendation for probation—after review of the presentence report.

10. "*At any time before sentence,* the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." (Emphasis added) Pa.R.Crim.P. 320.

*cur in the plea agreement, he shall permit the defendant to withdraw his plea.* (Emphasis added.)

The court's only obligation in a situation such as the present one is to permit the defendant to withdraw his guilty plea before sentencing if the judge is unable to comply with the plea agreement upon which the guilty plea was based. In Commonwealth v. Fazenbaker, 248 Pa. Super. 433, 375 A.2d 175 (1977), the lower court decided not to accept the recommended disposition of the plea agreement, a sentence concession of probation, yet refused to allow the defendant to withdraw his guilty plea prior to sentencing. The sentence was vacated and the case was remanded to permit defendant to withdraw his plea. The court held that the judge's decision not to accept the plea agreement must be made known to the defendant and his counsel prior to sentencing in order to provide the defendant an opportunity to petition to withdraw his plea. See also, Commonwealth v. Sutherland, 234 Pa. Super. 520, 340 A.2d 582 (1975). This requirement was complied with in the present case and defendant successfully withdrew his guilty plea.

Section 109 of the Pennsylvania Crimes Code provides in part:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in . . . a plea of guilty accepted by the court. . . .

In the present case, the final decision of the court was *not to accept* the guilty plea and its accompanying plea arrangement. Jeopardy attaches upon the court's acceptance of the guilty plea. Common-

wealth v. Potosnak, 289 Pa. Super. 115, 432 A.2d 1078 (1981). As the court refused to accept the guilty plea in the instant case, jeopardy had not yet attached.[11] As defendant was permitted to withdraw his plea, he cannot be heard to complain that a subsequent prosecution will place him in double jeopardy. Commonwealth v. El, 273 Pa. Super. 1, 416 A.2d 1058 (1979).

For the foregoing reasons, defendant's motion to dismiss the charges is denied.

## ORDER

Now, November 15, 1983, for the reasons stated in the attached opinion, defendant's motion to dismiss is hereby denied.

---

11. In those situations where a guilty plea has been accepted by the court and jeopardy has attached, a voluntary withdrawal of a guilty plea is analogous to a voluntary request by the defendant for a mistrial; neither will bar reprosecution in the absence of prosecutorial misconduct. Commonwealth v. Arelt, _____ Pa. Super. _____, 454 A.2d 108 (1982); Commonwealth v. Potosnak, supra.