469 A.2d 686

**COMMONWEALTH of Pennsylvania,**

v.

**Cris WISSLER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1983.

Filed Dec. 30, 1983.

Petition for Allowance of Appeal Denied May 24, 1984.

Morrison B. Williams, Hanover, for appellant.

Sheryl Ann Dorney, First Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WIEAND, Judge:

Is an attempt to assassinate a well known public figure and religious leader an event which mandates the granting of a mistrial in an unrelated armed robbery case then being tried? The trial court denied a defense motion for mistrial when the jury became aware, during the noon recess on May 13, 1982, that Pope John Paul II had been the subject of an assassination attempt. The jury subsequently found Cris Wissler guilty of armed robbery. We find no error in the trial court's ruling and affirm the judgment of sentence.

■ A decision to grant or refuse a motion for mistrial is within the sound discretion of the trial judge, and his ruling thereon will not be reversed absent an abuse of discretion. *Commonwealth v. Potts*, 314 Pa.Super. 256, 275, 460 A.2d 1127, 1136 (1983); *Commonwealth v. Dumas*, 299 Pa.Super. 335, 344, 445 A.2d 782, 787 (1982); *Commonwealth v. Green*, 287 Pa.Super. 220, 226, 429 A.2d 1180, 1183 (1981); *Commonwealth v. Conti*, 236 Pa.Super. 488, 495, 345 A.2d 238, 242 (1975).

■ The event relied upon by appellant to support his request for a mistrial did not occur in the presence of the jury and was not related, directly or indirectly, to the case then being tried. Appellant cites no cases in which an unrelated event similar in nature to that in the instant case was held to require the granting of a mistrial. Indeed, those few cases which have considered a similar issue support the trial court's decision to deny the motion for mistrial. Thus, in *United States v. Clarke*, 224 F.Supp. 647

(E.D.Pa.1963), *vacated on other grounds*, 343 F.2d 90 (3d Cir.1965), the assassination of President Kennedy was held not to require the granting of a mistrial where the defendant was contemporaneously being tried for trafficking in narcotics. "[T]he complaint that the jury would rationalize a traffic in narcotics with the assassination of a President of the United States, and that no one could get a fair trial in a United States Court where a Government Agent was involved in testimony relating to any crime," said the Court, was "completely illogical." *Id.* at 651. See also: *Frayer v. Turner*, 296 F.Supp. 1256 (1969). We agree with this reasoning.

It is difficult to comprehend how an attempt on the life of the Pope could bear upon and influence a jury's determination in an unrelated trial for armed robbery in York County. There was no greater association between these two events than there is between events regularly making headlines in local newspapers and criminal trials being held daily in courts of law throughout the nation. Lacking some association between event and trial, we cannot say that abortion of trial must necessarily follow every occurrence of a newsworthy event.

■ Appellant also complains because the trial court rejected a negotiated plea of guilty which would have required the court to impose a lesser sentence. In *Commonwealth v. Wilson*, 234 Pa.Super. 7, 335 A.2d 777 (1975), this Court said: "The decision whether to accept a plea bargain is in the exclusive discretion of the trial judge and is not reviewable. 'There is no absolute right to have a guilty plea accepted.'" *Id.*, 234 Pa.Superior Ct. at 10, 335 A.2d at 778. If, as appellant contends, there are cases in which a defendant may have changed his position irrevocably in reliance upon acceptance of a plea of guilty tendered in exchange for a lenient sentence, it is a sufficient response that this is not such a case. In this case, appellant's tendered plea of guilty was not accepted by the trial court. Inherent in his negotiations with the District Attorney was the risk that the trial court would reject the District Attor-

ney's recommendation regarding the sentence to be imposed. When rejection of the plea in fact occurred, appellant was protected by the right to withdraw his guilty plea; he was not entitled to specific enforcement of his plea agreement. Appellant did elect to withdraw his plea of guilty, and upon a subsequent trial his prior plea negotiations were not admissible and had no effect on the outcome. Thus, appellant was not prejudiced by the fact that the court rejected his guilty plea; and he cannot now complain that he was convicted following trial and sentenced to a term of imprisonment greater in duration than that which the District Attorney was prepared to recommend.

The judgment of sentence is affirmed.