J-S16004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN LEWIS RUSH, | |
| Appellant | No. 1808 WDA 2015 |

Appeal from the Judgment of Sentence October 20, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0003932-2012

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

CONCURRING AND DISSENTING STATEMENT BY PLATT, J.:

**FILED SEPTEMBER 25, 2017**

While I agree with the learned Majority on most of the facts and law, I must state my disagreement with the ultimate result reached in this case. Based on Appellant's concession that he is not RRRI eligible[1] and the Commonwealth's concurrence with that fact,[2] I would, in the interest of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In his brief, Appellant concedes that the "the nature of [his] criminal record admittedly would make him ineligible for RRRI sentence[.]"  (Appellant's Brief, at 43).

[2] "The Commonwealth remains steadfast in its belief that this is an exercise in futility and a waste of judicial resources[,] as Appellant's counsel even
*(Footnote Continued Next Page)*

judicial economy, rather than remand for a form-over-substance resentencing,[3] have this Court, based on the record and the parties' stipulations, make the statutory determination that Appellant is not RRRI eligible and end this litigation. **Commonwealth v. Lohr**, 468 A.2d 1375, 1379 (Pa. 1983) (declining to remand for PCRA counsel's merit review, on basis of judicial economy, where remand would not serve practical purpose since appellate court would conduct same evaluation); **Commonwealth v. Koch**, 431 A.2d 1052, 1056 (Pa. Super. 1981) (finding "based both on the nature of the offense, and the facts and circumstances of [the] case, a remand, although the preferred procedure, would not be in the interest of judicial economy and expediency[.]"); **Commonwealth v. Felder**, 370 A.2d 1214, 1218 (Pa. Super. 1976) (declining to remand where "[n]either the interests of justice nor judicial economy would be served by such a futile [action].").

_(Footnote Continued)_ ────────────

acknowledges" that he is ineligible for a RRRI sentence due to his criminal history. (Commonwealth's Brief, at 12 n.5).

I recognize that, in spite of this, the Commonwealth agrees with Appellant that, based on the current state of the law, this case should be remanded for the trial court to determine Appellant's RRRI eligibility, even if it would be futile to do so. (**See id.**).

[3] Statutory construction requires that interpretation of statute does not result in unreasonable and impractical outcome. **See Commonwealth v. Coleman**, 433 A.2d 36, 39 (Pa. Super. 1981).