347 A.2d 305
COMMONWEALTH of Pennsylvania
v.
William GILMORE, Appellant.

Supreme Court of Pennsylvania.
Submitted June 23, 1975.
Decided Oct. 30, 1975.

Vincent J. Ziccardi, Defender, John W. Packel, Asst. Public Defender, Defender Assn. of Philadelphia, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

OPINION

JONES, Chief Justice.

Appellant, William Gilmore, was convicted by a jury of murder in the first degree. On March 20, 1972, this Court affirmed his conviction. *Commonwealth v. Gilmore*, 447 Pa. 21, 288 A.2d 757 (1972). Subsequently, appellant filed a petition for relief under the Post Conviction Hearing Act. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* After a

hearing relief was denied and appellant has again appealed.[1]

In this appeal, appellant asserts two grounds for reversal of the order of the lower court. He first argues that he was denied effective assistance of counsel at trial by counsel's failure to raise unnecessary delay in arraignment as a ground for the suppression of appellant's confession. Pa.R.Crim.P. 130;[2] *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). Appellant next maintains that he is entitled to a new trial because of the introduction of his confession obtained in violation of the same Rule 130. We have considered these two arguments, find them meritless and affirm.

In *Commonwealth v. Wayman,* 454 Pa. 79, 82 n. 1, 309 A.2d 784, 786 n. 1 (1973), a majority of this Court held that a motion to suppress a confession on the grounds of involuntariness was sufficient to preserve the issue of erroneous introduction of the confession due to unnecessary delay in arraignment after arrest without warrant. Today, however, this Court has abandoned *Wayman* in favor of the more traditional appellate procedure which requires the preservation of the specific argument in support of the ground for reversal. *Commonwealth v. Mitchell,* 1975, 464 Pa. 117, 346 A.2d 48. Under that traditional procedure, "appellate courts will not review issues *and arguments* not raised in the court below." *Commonwealth ex rel. Bell v. Rundle,* 420 Pa. 127,

---

1. Jurisdiction is grounded on the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11, and the Appellate Court Jurisdiction Act of 1970, P.L. 673, No. 223, Art. II, § 202, 17 P.S. § 211.202.

2. Rule 130:
   "When a defendant has been arrested without a warrant in a court case, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him and he shall be given an immediate preliminary arraignment." (Effective January 1, 1974.)
   At the time of appellant's arrest, the applicable rule was Pa.R. Crim.P. 118, which in substance was identical to the present rule.

131, 216 A.2d 57, 60, *cert. denied,* 384 U.S. 966, 86 S.Ct. 1599, 16 L.Ed.2d 678 (1966), *quoted in Commonwealth v. Wayman,* 454 Pa. at 87 n. 1, 309 A.2d at 789 n. 1 (dissenting opinion) (emphasis added). To allow appellant to raise such arguments on collateral attack "would virtually emasculate Section 4(a) of the PCHA, defeat its very objective, and permit constant and repetitive relitigation issues already finally decided on their merits." *Commonwealth v. Slavik,* 449 Pa. 424, 431, 297 A.2d 920, 924 (1972), *quoted in Commonwealth v. Wayman,* 454 Pa. at 87–88 n. 1, 309 A.2d at 789 n. 1 (dissenting opinion). Having failed to raise the issue of unnecessary delay in his motion to suppress his confession, appellant has placed the issue beyond appellate review either on direct or collateral attack. Pa.R.Crim.P. 323(b); Post Conviction Hearing Act, *supra,* § 4(b), 19 P.S. § 1180–4(b); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

Appellant's claim of ineffective assistance of trial counsel is founded on counsel's failure to raise the issue of unnecessary delay in the pre-trial motion to suppress. Of course, if his counsel's conduct amounted to ineffective assistance, no waiver of that issue, as discussed previously, would have occurred. *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973).

Before our decision in *Commonwealth v. Futch, supra,* violations of Rule 130 were considered only in combination with other factors which would establish involuntariness of the confession. *Commonwealth v. Koch,* 446 Pa. 469, 474–75, 288 A.2d 791, 794 (1972), and cases cited thereat; *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968). Therefore, to determine whether counsel's conduct was so ineffective as to demand reversal, we must consider whether the original facts asserted, together with the additional factor of unnecessary delay, would have resulted in the suppression

of appellant's confession under the totality of the circumstances test.

Here, appellant was arrested on April 27, 1969, at 8:30 p. m. and immediately given his *Miranda* warnings, which were repeated to him before questioning began at 12:25 a. m. He was questioned for approximately one-half hour, denied any involvement and agreed to take a polygraph exam, after which he was again questioned for one-half hour. Thereafter he was left alone until 4:20 when he ate a meal provided by the police. After eating, he was read his *Miranda* rights for a third time and advised of his co-defendant's statement implicating appellant. At this point appellant orally confessed. The oral confession was completed some time prior to 7:00 a. m. It was then reduced to typewritten form by 9:00 a. m.

At the suppression hearing, appellant, through his counsel, alleged that his confession was involuntary because the police had threatened him during questioning although appellant made no allegations of lengthy continuous questioning or physical abuse.

In *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1974), the appellant raised the issue of ineffective assistance of counsel for failure to file a motion to suppress his confession on the grounds of involuntariness. The confession followed an intensive interrogation conducted over a period of ten to twelve hours. We held that counsel had not been ineffective, reasoning that a lengthy period of interrogation "would be insufficient without more to establish that appellant's . . . statements were not freely given." *Commonwealth v. Boyd*, 461 Pa. at 32, 334 A.2d at 617–18. Since the confession was not suppressible, any decision by counsel to file a motion to suppress would have been futile.

Implicit in the *Boyd* decision is that the prolonged confession, *in combination with the simultaneous delay in arraignment*, was also insufficient to establish

involuntariness. We have reached a similar conclusion in the present case. Under the totality of the circumstances test the unnecessary delay in arraignment, in combination with the unsubstantiated threatening language of the police, is insufficient to demonstrate involuntariness. *See generally Commonwealth v. Koch,* 446 Pa. at 474, 288 A.2d at 793.

Since the addition of the factor of unnecessary delay would not have resulted in the suppression of appellant's confession, counsel's failure to assert the delay was harmless to appellant's cause.

Order affirmed.

NIX, J., did not participate in the consideration or decision of this case.

EAGEN, O'BRIEN and POMEROY, JJ., concur in the result.

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., filed a dissenting opinion.

ROBERTS, Justice (dissenting).

Today the Court uses the reasoning of the opinion announcing the judgment of the Court in *Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975),[1] [1975] to reject appellant's first claim, and then repudiates that reasoning to reject appellant's second claim. Because I believe that the law should remain constant at least within the same opinion, I must dissent.

The majority finds that appellant has waived the claim that his confession should have been suppressed as the product of unnecessary delay between arrest and prelimi-

1. I dissented in *Mitchell.* Use of the case here is not meant to indicate a change in position.

nary arraignment[2] by failing to raise it at his pretrial suppression hearing.[3] This waiver was based on language in the opinion announcing the judgment of the Court in *Commonwealth v. Mitchell,* supra.

The theory of *Mitchell* was that defense counsel should have anticipated our decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), and that failure so to anticipate waived the claim.

> "Defense counsel should have been aware that our rules of procedure required a prompt arraignment without an unnecessary delay. If it was ascertained that this direction had been ignored and his client prejudiced thereby, the fact that the penalty for such a violation had not been announced fails to provide an excuse for failing to raise the objection."

*Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975). I cannot agree that a failure to object to a theretofore remediless violation of a procedural rule results in a waiver for all time of all rights under the rule.[4] What I consider to be the correct analysis was adopted by the Court in *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973).[5] I still do not understand how a

2. See *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972); Pa.R.Crim.P. 118 (now 130).

3. Appellant's pretrial suppression hearing, trial and direct appeal to this Court all took place prior to our decision in *Futch.*

4. If such a failure to object does operate as a waiver, conscientious and cautious defense counsel will present every conceivable objection at every conceivable opportunity in an effort best to preserve for his client any rights that may be announced in the future. Such a result serves neither the cause of justice nor the need for judicial economy.

5. *Wayman* was based on the awareness that defense counsel cannot be expected to anticipate decisions of this Court:
"[I]t would be manifestly unfair to hold appellant to a waiver when this waiver is alleged to have occurred at a time when neither the defendant nor his attorney had any way of knowing that there existed a right to be waived."
*Commonwealth v. Wayman,* 454 Pa. 79, 81 n. 1, 309 A.2d 781, 786 n. 1 (1973), quoting *Commonwealth v. Simon,* 446 Pa. 215, 218, 285 A.2d 861, 862 (1971), and *Commonwealth v. Cheeks,* 429 Pa. 89, 95, 239 A.2d 793, 796 (1968).

defendant can waive the right to seek a remedy that does not yet exist in the law. I certainly do not understand how such a waiver can be knowing and intelligent. I must, therefore, dissent from the majority opinion which relies on *Mitchell* to state that appellant has waived [6] his *Futch* claim.

As stated above, the majority finds a waiver of a defendant's rights in his counsel's failure to raise an objection to the violation of a rule of procedure which was at that time without remedy. If the majority believed its own reasoning, it would be forced to conclude that the failure to raise an objection which counsel, because of his predictive ability, "knows" to be of crucial importance to his client is ineffective assistance of counsel. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

In *Washington,* we said:

"We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record."

427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original).

**6.** What is most distressing about the result in *Mitchell* is that it supports the legal fiction of waiver with an untenable fiction concerning the predictive abilities of the criminal defense bar. Waiver is found, inter alia, because counsel should have presented the claim to the trial court for proper factfinding. Counsel cannot reasonably be expected to present every conceivable and speculative basis for objection to the trial court on the ground that some time in the future some remedy may be found to exist for violation of a right. Competent counsel can only be reasonably expected to select for presentation the objections which, based on present law, have the best, realistic chance of success. Expecting counsel to present a *Futch* claim before *Futch* was decided requires him to foresee the future. If he fails to do so his client has a waived imposed on him.

In the instant case counsel either predicted our decision in *Futch* and deliberately failed to raise the claim at the pretrial suppression hearing, or counsel did not predict *Futch* and out of ignorance of its importance, failed to raise the claim. But ignorance of the "law" does not excuse an attorney's failure effectively to represent his client. Because appellant clearly had a good *Futch* claim, there can be no reasonable basis for counsel's failure to raise it at the suppression hearing.

Although the above result would appear to be compelled by the reasoning in *Mitchell*, it is not the result the majority reaches here. On the contrary, the majority finds that counsel was not ineffective in failing to raise the *Futch* claim because such a claim was not likely to succeed.[7] The majority relies on counsel's ability to predict the *Futch* result to find that counsel waived the defendant's *Futch* claim, yet find that the claim would not have succeeded, apparently because this Court could not have predicated *Futch*. This result confounds both logic and law.

This situation could rationally be resolved without torturing logic or reality. Defense counsel cannot be expected to predict the decisions of this Court. As a result, the failure to assert such a remediless claim at the time cannot operate as a waiver of the defendant's rights under that claim when a remedy is developed. Nor is the failure to present such a claim ineffective assistance of counsel. Thus, the claim is not waived and is preserved for direct appeal.

---

7. Prior to *Futch* this Court heard only one case alleging unnecessary delay in violation of Rule 118. *Commonwealth v. Koch*, 446 Pa. 469, 288 A.2d 791 (1972). In that case we found that Rule 118 had not been violated, 446 Pa. at 474–76, 288 A.2d at 793–94 and therefore had no occasion to consider a remedy for violation of the rule. The majority assumes that no pre-*Futch* case could come to *Futch's* result, and evaluate appellant's claim as if Rule 118 did not exist. Neither the assumption nor the evaluation is accurate.

A *Futch* claim may be presented on direct appeal if not *validly* waived. Such a claim may not be presented on a PCHA petition because it does not fall within any of the enumerated bases for relief.[8] Because the failure to present the claim was not ineffective assistance of counsel, that claim is not available on PCHA either.

I believe that this resolution conforms with both law and reality. It is distressing that the majority finds it

8. "To be eligible for relief under this act, a person must . . . prove the following:

(c) That his conviction or sentence resulted from one or more of the following reasons:

(1) The introduction of evidence obtained pursuant to an unlawful arrest;

(2) The introduction of evidence obtained by an unconstitutional search and seizure;

(3) The introduction of a coerced confession into evidence;

(4) The introduction into evidence of a statement obtained in the absence of counsel at a time when representation is constitutionally required;

(5) The infringement of his privilege against self-incrimination under either Federal or State law;

(6) The denial of his constitutional right to representation by competent counsel;

(7) A plea of guilty unlawfully induced;

(8) The unconstitutional suppression of evidence by the State;

(9) The unconstitutional use by the State of perjured testimony;

(10) The observation by State officials of petitioner's right of appeal;

(11) His being twice placed in jeopardy;

(12) The abridgement in any other way of any right guaranteed by the constitution or laws of this State or the constitution or laws of the United States, *including a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right; or*

(13) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced."

Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, § 3, 19 P.S. § 1180-3 (Supp.1975) (emphasis added). The right to exclusion of evidence obtained during an unnecessary delay in preliminary arraignment was not "recognized" at the time of appellant's trial. The *Futch* rule is based on our supervisory power rather than "the constitution of . . . the United States," and it can hardly be contended that "the constitution" requires retrospective application "of that right."

necessary to torture both to achieve the same end. Moreover, because the majority, in order to find a waiver, chooses to believe that counsel should have predicted *Futch*, one is compelled to conclude in reliance on that belief that the failure to present the claim is ineffective assistance of counsel. Therefore, because he was ineffectively assisted at trial and on appeal, appellant should, according to the reasoning in *Mitchell*, be accorded relief on his PCHA petition.

It is ironic that the reasoning used by the majority to find waiver of appellant's *Futch* claim should permit him to raise it on PCHA as the basis for a claim of ineffective assistance of counsel.

MANDERINO, Justice (dissenting).

I dissent. The majority opinion attempts to do two things to which I must voice my opposition. In *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973), this Court held that a motion to suppress an accused's confession on involuntariness grounds was sufficient to preserve the issue of "unnecessary delay" in arraignment after arrest without a warrant where the length of the period of questioning was a factor to be considered in determining the voluntariness of the confession. The majority opinion attempts to lay *Wayman* to rest without a proper burial. In his motion to suppress, appellant raised the issue of the voluntariness of his out-of-court statement, and alleged that police threats made during continuous questioning caused his statement to be involuntarily given. He now raises the issue of unnecessary delay prior to arraignment. The issue has thus been properly preserved under *Wayman*.

Secondly, the majority opinion attempts to establish a new test to answer the allegation of ineffective assistance of trial counsel by saying that if the action—or inaction—complained of would not have *required* the opposite result at trial, then trial counsel cannot be said to

have been ineffective. Such a test, it seems to me, would make it virtually impossible to obtain a new trial on ineffective assistance of counsel grounds. This Court has stated that,

> "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original.)
>
> *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

I cannot subscribe to the majority's attempt to, *sub silentio,* overrule that test.