359 A.2d 766
**COMMONWEALTH of Pennsylvania**
v.
**Donald BRANHAM, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1976.

Decided July 6, 1976.

D. M. Masciantonio, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

NIX, Justice.

Appellant Donald Branham was tried before a jury in the Court of Common Pleas, Philadelphia County and convicted of murder of the first degree and aggravated robbery in the shooting death of one Paul Palovcak at the victim's place of business. After denial of post-trial motions by a court en banc, Branham was sentenced to life imprisonment on the murder indictment and this direct appeal followed.[1]

■ Appellant initially alleges that his oral admissions and signed statements were obtained by police as a result of an unnecessary delay between the time of arrest and preliminary arraignment, and therefore should have been suppressed as violative of our mandate in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972) and Pennsylvania Rule of Criminal Procedure 130. A review of this record, however, clearly establishes that this issue has not been properly preserved for appellate review and therefore need not be considered here.

Although there was an extensive pre-trial suppression proceeding appellant did not raise the question of an unreasonable delay.[2] Interestingly, even after the issue was called to the attention of the defense by the suppression court's gratuitous finding that there was no unreasonable delay,[3] the defense nevertheless did not pursue

1. Appellant also received a concurrent 10–20 year sentence for aggravated robbery. That sentence was appealed to the Superior Court and certified to this Court for consolidation and consideration with the appeal of the murder conviction.

2. We do not, however, base the finding of waiver upon this omission. See *Commonwealth v. Pritchitt*, 468 Pa. ——, 359 A.2d 786, n. 4 (1976).

3. We have recently criticized the practice of courts reaching for issues not presented to them by the litigants. *Phillips Home Furnishing, Inc. v. Continental Bank*, 467 Pa. 43, 354 A.2d 542

this claim at trial. Nor was the violation of Rule 130 raised in the written post-trial motions filed on appellant's behalf or during the argument before the court en banc upon those motions.[4] It is equally clear from the opinion of the court en banc that they also did not perceive this issue to have been raised before them. Under these circumstances it is clear that the issue has been waived. *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A. 2d 48 (1975); *Commonwealth v. Spriggs*, 463 Pa. 375, 344 A.2d 880, 882 (1975); *Commonwealth v. Wright*, 460 Pa. 247, 332 A.2d 809, 811 (1975).

Appellant next asserts that the failure of the Commonwealth to disclose at trial an alleged prior discrepancy in the testimony by one of its eye-witnesses denied appellant due process of law and constituted reversible error.

One Nicholas Arcaro testified that shortly after he arrived at Mr. Palovcak's bar, approximately 8:20 P.M., on October 2, 1974, two males entered the premises. One immediately walked behind the counter and stood near the cash register; the other faced Palovcak, pointed a gun and ordered him not to move. When Palovcak reached under the counter, the assailant with the gun fired one shot and ran out the door.[5] As the second intruder was attempting to retreat through the side door, he was shot twice in the back by Palovcak. The witness stated that he did not have an adequate opportunity to identify the gunman since the gunman stood behind him during the incident. The other assailant, who went behind the bar, was only eight feet from where Arcaro was

(1976); *Board of Education v. Philadelphia Federation of Teachers*, 464 Pa. 92, 346 A.2d 35, 37 n. 3 (1975); *Benson v. Penn Central Transportation Co.*, 463 Pa. 37, 342 A.2d 393, 395–396 (1975); *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

4. That argument has been transcribed and made a part of this record. Moreover, as noted by the Commonwealth, the only reference to the question of unreasonable delay was first presented in a single sentence found in defendant's brief in support of his post-trial motions.

5. This fatal shot struck Palovcak in the chest.

seated and he testified he had "15–20 seconds to observe him . . . until it was all over." Arcaro described this assailant as six feet tall, slender, wearing an army-type jacket and stood with both hands in his pockets. When asked if he could identify that individual Arcaro responded, "Yes, I believe I can," and then pointed to appellant.[6]

Appellant now contends that this identification testimony contradicted a prior statement presented at the trial of the co-defendant Ralph Whitfield, and the failure of the Commonwealth to provide the defense with a copy of that prior statement deprived appellant of due process of law. We do not agree. Whitfield pleaded guilty to murder of the second decree. During the course of those proceedings the Assistant District Attorney, while summarizing the proffered testimony of Mr. Arcaro, stated to the court:

"And although not sure whether or not he hit that individual or not, there were shots fired in that direction; *that he could not identify by face either of the two individuals involved in this incident except for the clothing because the entire incident only took 15 or 20 seconds, as they had been chased out of the bar by the deceased.*" (Emphasis added)

Initially, it should be noted that the District Attorney was merely attempting to summarize the witness' testimony rather than read Arcaro's three page statement verbatim into the record. Moreover, the full text of the police interview was reproduced and attached as an appendix to the Commonwealth's brief. Nowhere in that statement does Mr. Arcaro state that he could not identify the face of the appellant.

---

**6.** At trial, appellant admitted that he was in the bar during the incident. However, he alleged that he did not know Whitfield would attempt the robbery at that time but believed they were merely "casing" the premises for a possible holdup at a later date. Appellant thus claims that he was an innocent bystander when he was shot.

■ Assuming arguendo the existence of such a statement, appellant would still not be able to prevail on this issue. The record clearly establishes that the defense counsel neither requested any prior statements of this witness from the Commonwealth during trial, nor did he cross examine Mr. Arcaro about any prior statements that he might have made inconsistent with the testimony offered in his direct examination.[7] This Court has repeatedly stated with respect to the procedure for procuring alleged testamentary evidence within the exclusive control of the Commonwealth:

> Appellant also urges other trial errors, most importantly failure to allow inspection of certain pretrial statements of one of the witnesses. But appellant was not entitled to pretrial discovery of the statements. Pa.R.Crim.P. 310. Appellant's counsel would have been entitled to inspect the statements after the direct examination of the witness was completed in order to prepare his cross-examination. *Commonwealth v. Kontos*, 442 Pa. 343, 347–49, 276 A.2d 830, 832–33 (1971); see *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957); *Commonwealth v. Smith*, 417 Pa. 321, 208 A.2d 219 (1965); ABA Project on Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial § 2.-1(a)(i) (1970). *However, appellant failed to request production of the statements at any point in the trial. In the absence of a request, there was no error in the failure to produce the statements.* (emphasis added)
>
> *Commonwealth v. Johnson*, 457 Pa. 554, 560–561, 327 A.2d 632, 636 (1974).

7. While appellant's brief alleges that he filed pre-trial motions requesting this witness' prior statements, this assertion is unsupported in the record. Moreover, he would not have been entitled to such statements at that time. " . . . In no event, however, shall the court order pre-trial discovery or inspection of written statements of witnesses in the possession of the Commonwealth." See Pennsylvania Rule of Criminal Procedure 310 and Comment.

See also *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ; *Commonwealth v. Morris*, 444 Pa. 364, 366, 281 A.2d 851, 852 (1971).

Finally, appellant argues that the trial court's charge did not properly explain the concepts of reasonable doubt and voluntariness. However, we need not reach the merits of these claims since no objection was made at time of trial. *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974).

See also Pennsylvania Rule of Criminal Procedure 1119(b).

We have also reviewed the record and we are satisfied that the evidence was sufficient to support the verdict of murder of the first degree.

Judgments of sentence affirmed.

MANDERINO, J., concurs in the result.