379 A.2d 87

**COMMONWEALTH of Pennsylvania**

v.

**James M. JAMISON, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 12, 1977.

Decided Oct. 7, 1977.

Rehearing Denied Nov. 10, 1977.

542

Charles Basch, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Marianne E. Cox, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

■ Appellant was convicted of murder of the third degree and possession of an instrument of crime. Post-trial motions were filed and denied. Appellant appeals from the

conviction of murder of the third degree.[1] Appellant contends that a statement taken from him during custodial interrogation should have been suppressed because he was not afforded an opportunity to consult with an attorney, parent or other interested and informed adult prior to waiving his right to counsel and privilege against self-incrimination. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).[2] We agree, reverse judgment of sentence

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

2. Appellant filed a motion to suppress his statement on the ground that he did not knowingly, intelligently and voluntarily waive his *Miranda* rights. The motion to suppress was denied and the statement admitted into evidence. Appellant reasserted the claim whether he had effectively waived his *Miranda* rights on post-trial motions. Appellant did not specifically rely on *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), which held that a knowing, intelligent waiver cannot be found where a juvenile has not been afforded an opportunity to consult with an attorney, parent or other interested and informed adult prior to waiving his rights. However, appellant's trial occurred prior to our decision in *McCutchen.*

The Commonwealth asserts that appellant has not preserved this issue for appellate review. We do not agree. Appellant alleged that he did not effectively waive his *Miranda* rights. This Court adopted the rule in *McCutchen* based on the conclusion that a juvenile could not knowingly and intelligently waive his *Miranda* rights unless he had an opportunity to consult with an attorney, parent or other interested and informed adult before he made a decision to forego his constitutional rights. Appellant raised the very issue which led to our rule in *McCutchen.*

This Court has held that *McCutchen* is applicable to all cases pending on direct appeal. *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 410 (1975). In *Commonwealth v. Lee*, 470 Pa. 401, 368 A.2d 690 (1977), the Commonwealth urged this Court to overrule *Chaney*. This Court declined to do so and reiterated our prior holding that "any person whose case is on direct appeal is entitled to the benefit of the *McCutchen* decision." Id. 470 Pa. at 404, 368 A.2d at 692 (plurality opinion). See generally *Hankerson v. North Carolina*, 432 U.S. 233, 245, 246, 97 S.Ct. 2339, 2346, 2347, 53 L.Ed.2d 306 (1977) (Marshall, J., concurring) (Powell, J., concurring). Under *Chaney* and *Lee*, an appellant tried before *McCutchen* may be entitled to the benefit of *McCutchen* even if he did not raise such a claim in a motion to suppress and in post-trial motions. See generally *Commonwealth v. Cheeks*, 429 Pa. 89, 239 A.2d 793 (1968). (Waiver will not be found where a defendant fails to raise a claim subsequently recognized by the courts, where the defendant neither knew nor could reasonably have been expected to know that the claim would

and grant appellant a new trial.[3]

■ Appellant was seventeen years old when he was arrested on September 9, 1974. He was arrested at 12:30 a. m. at a friend's apartment on the same hallway as the apartment where he resided with his mother. He was taken to the Police Administration Building and placed in an interrogation room at 1:30 a. m. The police read him *Miranda* warnings. See *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602; 16 L.Ed.2d 694 (1966). Appellant agreed to answer questions without the presence of an attorney.[4]

The police then began to interrogate appellant. The interrogation continued until 2:45 a. m., when appellant signed a written statement that he had stabbed the victim. Appellant was left alone in the interrogation room until 3:30 a. m., at which time he was allowed to have a drink of water and to call his mother. At 4:40 a. m., he was transferred to the identification unit for detention pending arraignment. Appellant was arraigned between 9:00 a. m. and 2:00 p. m.

Appellant asserts that the Commonwealth has not established that he made a knowing and intelligent waiver of his *Miranda* rights because he was not afforded an opportunity to consult with an attorney, parent or other interested and informed adult beforehand. *Commonwealth v. Smith,* 472 Pa. 492, 372 A.2d 797 (1977); *Commonwealth v. Gaskins,* 471 Pa. 238, 369 A.2d 1285 (1977); *Commonwealth v. Lee,* 470 Pa. 401, 368 A.2d 690 (1977); *Commonwealth v. Hailey,* 470 Pa. 488, 368 A.2d 1261 (1977); *Commonwealth v. Webster,*

be recognized.) However, since appellant did raise and preserve his claim that he did not effectively waive his *Miranda* rights, we need not decide if defendants tried before *McCutchen* must have raised the issue at trial to assert it on appeal.

3. Because we reverse and grant appellant a new trial, we need not reach appellant's claim that he was denied the effective assistance of counsel at trial.

4. The record does not indicate that appellant was afforded an opportunity to consult with an attorney, parent or other interested and informed adult. Nor does the Commonwealth contend that he was in fact afforded such an opportunity but that the record is silent because the Commonwealth did not anticipate *Commonwealth v. McCutchen,* supra.

466 Pa. 314, 353 A.2d 372 (1976); *Commonwealth v. Stanton*, 466 Pa. 143, 351 A.2d 663 (1976); *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975); *Commonwealth v. Smith*, 465 Pa. 310, 350 A.2d 410 (1975); *Commonwealth v. Riggs*, 465 Pa. 208, 348 A.2d 429 (1975); *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

In *Commonwealth v. Smith*, supra, Mr. Justice Nix, writing for a majority of this Court, stated:

"In our view, due process requires that a waiver by a youthful offender is effectuated only when it has been shown that the minor *comprehended* the full significance of the panoply of rights that protects him during custodial interrogation. We have insisted that the Commonwealth bear the burden of proving a knowing waiver. . . . [T]he administering of *Miranda* warnings to a juvenile, without providing an opportunity to that juvenile to consult with a mature, informed individual concerned primarily with the interest of the juvenile, [is] inadequate to offset the disadvantage occasioned by his youth. . . . *[T]he impediment of immaturity can only be overcome where the record establishes that the youth had access to the advice of an attorney, parent, or other interested adult and that the consulted adult was informed as to the constitutional rights available to the minor and aware of the consequences that might follow the election to be made.*"

Id. 472 Pa. at 496–499, 372 A.2d at 799–800. (citations omitted) (footnotes omitted) (emphasis added except for the word "comprehended" which was emphasized in the original).

Appellant was not given an opportunity to consult with an attorney, parent or other interested and informed adult before he was subjected to custodial interrogation. Accordingly, the Commonwealth has not sustained its burden of proof that appellant knowingly, intelligently and voluntarily waived his *Miranda* rights. Appellant's statement should have been suppressed.

Judgment of sentence reversed and a new trial granted.

PACKEL, J., joins in this opinion and filed a concurring opinion.

POMEROY, J., filed a dissenting opinion in which EAGEN, C. J., joins.

NIX, J., filed a dissenting opinion.

PACKEL, Justice, concurring.

Having adopted a *per se* rule of fairness in questioning arrested juveniles, this Court should not depart from its recent decisions on the basis that occasionally a factual exploration might indicate that the rule is an unnecessary protection. Accordingly, I join in the opinion of the majority.

POMEROY, Justice, dissenting.

The Court again gives retroactive application to its *per se* exclusionary rule relative to juvenile confessions, and I therefore again dissent. See, e. g., *Commonwealth v. Lee*, 470 Pa. 401, 368 A.2d 690 (1977) (dissenting opinion of POMEROY, J., joined by JONES, C. J. and EAGEN, J.). This rule was embodied in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669, a decision announced on July 7, 1975. The trial of James Jamison, this appellant, commenced on March 6, 1975. The Court makes this retrospective application notwithstanding its acknowledgment that the rule of *McCutchen* finds its antecedents in the decision of the Supreme Court of the United States in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694 (1966).[1] That decision, of course, was for sound policy reasons accorded only prospective applicability to cases wherein trials were commenced after the date of its announcement. *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); *Commonwealth v. Ware*, 446 Pa. 52, 284 A.2d 700 (1971) (*Johnson* adopted as a matter of state law). Inasmuch as the prospectivity rationale employed by the Supreme Court in *Johnson* is, perforce,

1. Indeed, the Court holds that a defendant's assertion of a *Miranda* violation in post-verdict motions fully suffices to preserve for appellate review a *McCutchen* claim. Opinion of the Court at 87, n.2.

wholly applicable to the same question regarding this Court's *McCutchen* holding, I see no basis whatever for this Court to chart a different course by according retrospective effect to its *Miranda*-based decision.[2] Indeed, no justification for doing so is vouchsafed to us in its opinion. I respectfully dissent.

EAGEN, C. J., joins in this dissenting opinion.

NIX, Justice, dissenting.

In n. 2 the majority attempts to explain why the issue of effective juvenile waiver has been preserved for our review in this proceeding. Concluding that a general challenge to the knowing, intelligent and voluntary nature of the election by the minor to forego his constitutional rights preserves this issue, the majority proceeds to grant relief on the grounds that this juvenile did not receive the benefit of consultation with a concerned interested and informed parent or other adult. I disagree because this latter claim was clearly waived.

Trial counsel should have been aware at the time of the suppression hearing of this Court's ruling in *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974). Therein we said,

An important factor in establishing that a juvenile's waiver of his constitutional rights was a knowing and intelligent one would be evidence that, before he made his decision to waive those rights, he had access to the advice of a parent, attorney, or other adult who was primarily interested in his welfare. Id. 459 Pa. at 394, 329 A.2d at 288.

Even though this Court in that decision did not expressly adopt a *per se* rule,[1] we nevertheless pointed to the particu-

---

**2.** My disagreement with the merits of the *McCutchen per se* exclusionary rule relative to juvenile confessions as "unwise, unnecessary and unwarranted," has been frequently reiterated. See *Commonwealth v. Chaney*, 465 Pa. 407, 410, 350 A.2d 829, 831 (1975) (dissenting opinion of POMEROY, J., joined by JONES, C. J., and EAGEN, J.). See also *Commonwealth v. Barry Smith*, 472 Pa. 492, 372 A.2d 797 (1977) (dissenting opinion).

**1.** See *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

lar significance of the minority of an accused in assessing the effectiveness of the waiver of a youthful offender. Therefore, since appellant's trial counsel attacked the confession on the general ground of voluntariness and knowledgeableness, and failed to focus upon his immaturity in assessing the waiver's effectiveness as suggested in *Roane*, the latter issue is not preserved for appeal.[2] *Commonwealth v. Branham*, 467 Pa. 605, 359 A.2d 766 (1976); *Commonwealth v. Gilmore*, 464 Pa. 464, 347 A.2d 305 (1975); *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975).

In recognizing the vulnerability of his first argument attacking the validity of appellant's waiver of his *Miranda* rights, appellant's counsel in his brief alternatively argues that trial counsel was ineffective for failing to raise the *Roane* issue. The latter argument presents a more viable issue and should have been addressed by this Court.

2. Concerning whether the confession was valid, the trial court's opinion indicates the major emphasis for exclusion was on intoxication rather than immaturity.