384 A.2d 1185

**COMMONWEALTH of Pennsylvania**

v.

**Arthur BAYLIS, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1978.

Decided March 23, 1978.

Reargument Denied May 8, 1978.

Martin A. Ostrow, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Gaele McLaughlin Barthold, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Arthur Baylis, was convicted by a jury of murder of the third degree, possessing an instrument of crime, and possessing a prohibited offensive weapon. Post-verdict motions were denied, and appellant was sentenced to five-to-twenty years for the murder conviction and one-to-two years on the weapons conviction. This appeal followed.[1]

The facts are as follows. On December 6, 1974, Wayne Wingfield, the victim, was shot and killed as he was leaving a State Liquor Store at 46th Street and Lancaster Avenue in Philadelphia. Two of three eyewitnesses identified appellant as the person who shot the victim.

Appellant was arrested some six months later, on June 15, 1975, at 10:30 p. m. Appellant, who was seventeen years old, was taken to the Police Administration Building and

---

1. Appellant filed a direct appeal to our court on the homicide conviction. He appealed the weapon's conviction to Superior Court, which certified that appeal to this court on May 25, 1976.

was given his constitutional rights, which he waived. However, he was never given the opportunity to consult with an interested adult before waiving his rights. Following the waiver, appellant gave an inculpatory statement.

Appellant raises one issue on this appeal. He argues that the suppression court erred in holding that his confession was admissible. He believes that since he was a minor at the time of interrogation, failure to provide an opportunity for consultation with an interested adult vitiates his waiver of constitutional rights. As an alleged ineffective waiver was involved, appellant claims the statement should have been suppressed on the basis of our decision in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

We need not, however, reach the merits of appellant's claim. Pa.R.Crim.P. 323(d) provides:

> "The application shall state specifically the evidence sought to be suppressed, the specific constitutional grounds rendering the evidence inadmissible, and shall state *with particularity the facts and events in support thereof.*" (Emphasis added.)

In appellant's application to suppress, he argued that his waiver of *Miranda* rights was ineffective. While he did advance "specific constitutional grounds rendering the evidence inadmissible," he failed to "state with particularity" the fact that he was a minor who did not have the opportunity for consultation with an interested adult. Further, the suppression motion in this case was filed two months after our decision in *McCutchen*, yet nowhere in the suppression motion is either the case or its holding cited. Under these circumstances, we believe the issue is waived.

Judgments of sentence affirmed.

O'BRIEN, J., files a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, J., files a dissenting opinion.

O'BRIEN, Justice, dissenting.

By alleging that the waiver of his *Miranda* rights was not knowing, intelligent and voluntary, appellant has, in my opinion, preserved the issue for appellate review. This Court in *Commonwealth v. Jamison,* 474 Pa. 541, n. 2, 379 A.2d 87, n. 2 (1977), stated:

". . . This Court adopted the rule in *McCutchen* based on the conclusion that a juvenile could not knowingly and intelligently waive his *Miranda* rights unless he had an opportunity to consult with an attorney, parent or other interested and informed adult before he made a decision to forego his constitutional rights. Appellant raised the very issue which led to our rule in *McCutchen.*

"This Court has held that *McCutchen* is applicable to all cases pending on direct appeal. *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (1975). In *Commonwealth v. Lee,* 470 Pa. 401, 368 A.2d 690 (1977), the Commonwealth urged this Court to overrule *Chaney.* This Court declined to do so and reiterated our prior holding that 'any person whose case is on direct appeal is entitled to the benefit of the *McCutchen* decision.' Id. at 404, 368 A.2d at 692 (plurality opinion). See generally *Hankerson v. North Carolina,* 432 U.S. 233, 245, 246, 97 S.Ct. 2339, 2346, 2347, 53 L.Ed.2d 306 [filed June 17, 1977] (Marshall, J., concurring) (Powell, J., concurring). Under *Chaney* and *Lee,* an appellant tried before *McCutchen* may be entitled to the benefit of *McCutchen* even if he did not raise such a claim in a motion to suppress and in post-trial motions. See generally *Commonwealth v. Cheeks,* 429 Pa. 89, 239 A.2d 793 (1968). (Waiver will not be found where a defendant fails to raise a claim subsequently recognized by the courts, where the defendant neither knew nor could reasonably have been expected to know that the claim would be recognized.) However, since appellant did raise and preserve his claim that he did not effectively waive his *Miranda* rights, we need not decide if defendants tried before *McCutchen* must have raised the issue at trial to assert it on appeal."

I would therefore reverse the judgments of sentence and grant a new trial.

ROBERTS, J., joins this dissenting opinion.

MANDERINO, Justice, dissenting.

Prior to his trial, appellant filed a motion to suppress his confession, asserting that he had not made a knowing and intelligent waiver of his constitutional rights.

Appellant was then a juvenile, and he waived his rights without being given an opportunity to consult with an interested adult or counsel. Under the well-established standards by which we judge the voluntariness of a juvenile's waiver, this appellant's waiver was ineffective and the confession obtained pursuant thereto was involuntary and should have been suppressed. *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977); *Commonwealth v. Gaskins*, 471 Pa. 238, 369 A.2d 1285 (1977); *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975); *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975).

By alleging to the suppression court the ineffectiveness of his waiver of the *Miranda* rights appellant raised—and preserved—the very issue which the rule in *McCutchen* has been developed to answer. *See Commonwealth v. Jamison*, 474 Pa. 541, n. 2, 379 A.2d 87, n. 2 (1977).

The rule in *McCutchen* is specifically designed as a criterion for determining whether a juvenile's waiver was *knowing and intelligent.* In *Commonwealth v. Starkes, supra*, this Court reasoned that in determining the validity of an alleged waiver, all attendant factors and circumstances must be considered and evaluated, and that

> "[a]n important factor in establishing that a juvenile's waiver of his constitutional rights was a knowing and intelligent one would be evidence that, before he made his decision to waive those rights, he had access to the advice of a parent, attorney, or other adult who was primarily interested in his welfare." *Commonwealth v. Starkes, supra*, 461 Pa. at 185–6, 335 A.2d at 701; quoting *Com-*

*monwealth v. Roane,* 459 Pa. 389, 394, 329 A.2d 286, 288 (1974).

The *issue* in a *McCutchen* -type case is the effectiveness of the purported waiver. The function of the *McCutchen* rule is to establish one of the requisites for an effective waiver. It is, of such, no more than one of the *factors* to be considered in the determination of the ultimate *issue.* If the required consultation has not been provided, the mandated conclusion is that the waiver was not knowing, intelligent, or voluntary. If the *McCutchen* standards were met, any other factors present in the case will be considered to determine the ultimate issue.

When an appellant has alleged that his waiver was not knowing, intelligent, or voluntary he has put in issue the validity of his waiver. He has thereby preserved the issue of ineffective waiver for appellate review. As in our review of any issue, we may then decide the question on the basis of all the facts and circumstances, including any violations of the juvenile's right to consult.