383 A.2d 894

**COMMONWEALTH of Pennsylvania**

v.

**James McCLOUD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1977.

Decided March 23, 1978.

Richard Lunenfeld, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah Glass, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

On September 21, 1972 appellant, then a juvenile was arrested and taken to the Police Administration Building (P.A.B.) where he was warned of his constitutional rights and questioned with regard to a homicide. Upon learning of her son's arrest from a friend, appellant's mother telephoned the P.A.B. A detective informed her that she could come to the station to find out why appellant was there. Appellant's

mother and stepfather came to the P.A.B. and requested to see appellant, but were told to wait. After waiting for approximately two hours in an office in the homicide division, they were finally permitted to see appellant. While appellant's mother and stepfather were waiting to see appellant, a written statement was taken from appellant and signed by him. Appellant's parents were never informed of the constitutional rights of an accused or provided an opportunity to confer with him prior to the taking of the statement.

Appellant was charged with conspiracy and murder. Appellant's motion to suppress his statement was denied and appellant was found guilty of murder of the second degree after a bench trial. Post trial motions were heard and denied and appellant was sentenced to five to fifteen years imprisonment. Appellant filed an appeal which was later withdrawn without appellant's consent, due to appellant's failure to pay his attorney. Appellant petitioned for relief under the Post Conviction Hearing Act and was granted the right to file an appeal to this Court nunc pro tunc.*

There is no question today that in the context of a custodial interrogation a juvenile must have access to the advice of an attorney, parent or other interested adult and that the consulted adult must be informed as to the constitutional rights available to the minor and aware of the consequences that might follow a waiver of *Miranda* rights. *Commonwealth v. Smith,* 472 Pa. 492, 372 A.2d 797 (1977); *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975); *Commonwealth v. Starkes,* 461 Pa. 178, 335 A.2d 698 (1975); *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974).

Conceding that the instant statement was elicited in violation of the principles announced in the aforementioned decisions, the Commonwealth now argues that this principle should not be applied to this particular appellant. The basis

* This Court's jurisdiction is based on the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977–78).

for this contention is that the present appeal comes before the Court *nunc pro tunc.* We have held that the *McCutchen* line of cases is to be applied to cases on direct appeal. *Commonwealth v. Jamison,* 474 Pa. 541, 379 A.2d 287 (1977); *Commonwealth v. Lee,* 470 Pa. 401, 368 A.2d 690 (1977); *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (1975). *See also Commonwealth v. Little,* 432 Pa. 256, 248 A.2d 32 (1968). The same is true where, by post conviction relief, a petitioner is granted a direct appeal as if timely filed as here. *Commonwealth v. Webster,* 466 Pa. 314, 353 A.2d 372 (1975).

 Since the decisions requiring the opportunity to consult with an informed interested adult are applicable to this appeal and there is a clear violation of this requirement, we reverse the judgment of sentence and order a new trial.

POMEROY, J., filed a dissenting opinion joined by EAGEN, C. J., and LARSEN, J.

POMEROY, Justice, dissenting.

For the reasons fully set forth in my dissenting opinion in *Commonwealth v. Webster,* 466 Pa. 314, 329, 353 A.2d 373, 379 (1975), I would affirm the judgment of sentence in this case.

EAGEN, C. J., and LARSEN, J., join in this dissenting opinion.