410 A.2d 867

**COMMONWEALTH of Pennsylvania**

v.

**Anthony LOWERY, Appellant.**

Superior Court of Pennsylvania.

Argued July 16, 1979.

Filed Sept. 21, 1979.

Petition for Allowance of Appeal Granted for Commonwealth March 17, 1980.

Petition for Allowance of Appeal Denied for Lowery March 17, 1980.

Leonard S. Wissow, Philadelphia, for appellant.

Paul S. Diamond, Assistant District Attorney, Philadelphia for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

O'BRIEN, Justice:

Appellant, Anthony Lowery, was convicted by a jury of voluntary manslaughter, possession of instruments of crime and conspiracy for the September 27, 1975, gang-related stabbing death of Craig Odom in North Philadelphia. Post-verdict motions were denied and appellant was sentenced to respective prison terms of three to ten years, two to five years, and three to ten years, all sentences to run concurrently. This direct appeal followed.

Appellant first argues the trial court erred in denying his motion to dismiss the charges against him as required by Pa.R.Crim.P. 1100. The facts are as follows.

On March 31, 1976, the court granted the Commonwealth an extension of time to try appellant until April 20, 1976. On April 13, 1976, a suppression motion concerning an in-court identification, which had been reserved for time of trial, was called for a hearing. The Commonwealth, however, was not ready to proceed and the hearing was continued until April 15. Nonetheless, appellant was arraigned and a jury was selected on April 13. On April 19, the court granted appellant's motion to suppress the in-court identification. At the Commonwealth's request, the jury selected on April 13 was dismissed before it was sworn so that the Commonwealth could appeal the suppression court's order. On April 21, over appellant's objection, the court extended time for trial until sixty days after decision by the Supreme Court on the suppression question.

The Commonwealth evidently chose not to file its appeal. On June 15, 1976, appellant filed a motion to dismiss for failure to try him within the time period called for by Rule 1100. The motion was denied and appellant was tried and found guilty of voluntary manslaughter, possession of instruments of crime and conspiracy.

Appellant argues the Commonwealth's petition to extend time, filed on April 21, 1976, was presented after the time for commencement of trial under Rule 1100 had already run. In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976),

the court held an application for extension of time under Rule 1100(c) must be filed prior to the expiration of the mandatory period for trial. We nonetheless believe this claim has been waived.

■ In his application to dismiss, appellant argued a denial of his Rule 1100 rights, based solely on the Commonwealth's failure to perfect the appeal which it advised the court it intended to take. On this appeal, appellant's sole argument is that the Commonwealth's petition for extension of time was untimely filed. Under these circumstances, we believe both theories have been waived.

In *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975), the court held that where one theory is advanced in the trial court in support of an argument, any theory not presented must be deemed waived. Furthermore, Pa.R. Crim.P. 306(e), dealing with pretrial motions, states:

> "All grounds for relief demanded shall be stated in the motion and failure to state a ground shall constitute a waiver thereof."

By failing to argue the untimeliness of the Commonwealth's petition to extend time in his application to dismiss, appellant is precluded from now advancing that argument on appeal.[1]

Appellant argues the court erred in refusing his motion to suppress his confession. The facts are as follows.

Appellant, who was eleven days short of his eighteenth birthday, was arrested at 2:30 a. m., on October 3, 1975, at his parents' house. At the time of the arrest, police told appellant his rights off the standard rights form in the presence of his parents, who were informed they could accompany their son to police headquarters. According to the police, appellants' parents stated they could not go to the police station until 8:00 a. m. Nevertheless, the parents arrived at the police station at 3:50 a. m., but police kept the parents away from their son until 4:40 a. m., by which time appellant had allegedly confessed.

---

[1] Appellant makes no argument concerning the Commonwealth's failure to appeal from the grant of the suppression motion.

■ In *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977), the court summarized the law pertaining to juvenile confessions and held a confession would be inadmissible unless the Commonwealth could establish the juvenile had (1) an opportunity to consult with an (2) interested and (3) informed adult. In the instant case, it is clear appellant never had such an opportunity for consultation.

The Commonwealth argues, however, that appellant has failed to preserve this issue for appellate review. In appellant's motion to suppress his confession, he made the following allegations:

"3. The Defendant is a seventeen (17) year old boy who has a low intelligence quotient and has subnormal cultural development.

\*　　\*　　\*　　\*　　\*　　\*

"6. Defendant was not adequately warned of the rights guaranteed him by *Miranda v. Arizona*, 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966).

"7. Defendant did not knowingly, intelligently and voluntarily waive his rights guaranteed by *Miranda v. Arizona*, 384 U.S. 436 [86 S.Ct. 1602; 16 L.Ed.2d 694] (1966).

"8. Defendant's statements were not the product of his own free will and, therefore, involuntary."

In *Commonwealth v. Baylis*, 477 Pa. 472, 474, 384 A.2d 1185, 1186 (1978), the court stated:

"We need not, however, reach the merits of appellant's claim. Pa.R.Crim.P. 323(d) provides:

" 'The application shall state specifically the evidence sought to be suppressed, the specific constitutional grounds rendering the evidence inadmissible, and shall state *with particularity the facts and events in support thereof*.' (Emphasis added in *Baylis*.)

"In appellant's application to suppress, he argued that his waiver of *Miranda* rights was ineffective. While he did advance 'specific constitutional grounds rendering the evidence inadmissible,' he failed to 'state with particularity' the fact that he was a minor who did not have the

opportunity for consultation with an interested adult. Further, the suppression motion in this case was filed two months after our decision in *McCutchen,* yet nowhere in the suppression motion is either the case or its holding cited. Under these circumstances, we believe the issue is waived."

The Commonwealth argues that since appellant failed to either cite *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), or allege the lack of opportunity for consultation, the claim is waived under *Baylis.* We believe, however, that *Baylis* is distinguishable.

 In his suppression motion, appellant alerted the court of the fact that he was a juvenile and that his waiver of his *Miranda* rights was ineffective. In *Baylis,* the defendant's suppression motion contained no mention of his juvenile status. Case law in this Commonwealth makes clear that when dealing with the waiver of *Miranda,* a defendant's status as a juvenile entitles him to special protections not afforded to adults. Once the suppression court is informed in a suppression motion that the case involves a waiver of *Miranda,* rights by a juvenile, the scope of the inquiry is necessarily narrowed with the Commonwealth being required to prove the juvenile had an opportunity for consultation with an interested and informed adult. *Commonwealth v. Smith, supra.* The opinion of the suppression court makes clear that appellant argued the *McCutchen* standard at the suppression hearing. We thus believe an allegation that a defendant is a juvenile is sufficient to alert a court as to the scope of a suppression hearing's inquiry. While *Baylis* stated that a motion to suppress must contain an allegation of lack of opportunity for consultation, we believe that portion of the opinion is unnecessary dictum, which need not be followed. We thus believe this issue has not been waived.

At the suppression hearing, the Commonwealth was unable to show that appellant had an opportunity for consultation with his parents. The trial court, nevertheless, held our rules pertaining to juvenile confessions were inapplicable because appellant was almost eighteen with previous experi-

ence with the juvenile justice system. No authority for drawing such distinctions, however, can be found in the case law of this Commonwealth. Since the confession should have been suppressed, it was error to admit the statement at appellant's trial. Appellant is thus entitled to a new trial.

Judgment of sentence reversed and case remanded for a new trial.